Paul M. Levine  (007202)
Matthew A. Silverman (018919)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ  85012
(602) 230-8726

Attorneys for Movant,
U.S. Bank National Association as trustee on behalf of the certificate insurer and holders of Home Equity Mortgage Trust Series 2007-2 Home E quity Mortgage Pass-Through Certificates Series 2007-2, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>Gregory Louis Weldon,<br>Nicole Ann Weldon,<br><br>　　　　Debtors.<br>_____<br>U.S. Bank National Association as trustee on behalf of the certificate insurer and holders of Home Equity Mortgage Trust Series 2007-2 Home E quity Mortgage Pass-Through Certificates Series 2007-2, its successors and/or assigns,<br><br>　　　　Movant,<br>　v.<br><br>Gregory Louis Weldon, Nicole Ann Weldon, Debtors;<br><br>　　　　Respondents.<br>_____ | In Proceedings Under<br><br>Chapter  11<br><br>Case No. 2:08-bk-12336-SSC<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

| | |
|---|---|
| 1 | U.S. Bank National Association as trustee on behalf of the certificate insurer and holders |
| 2 | of Home Equity Mortgage Trust Series 2007-2 Home Equity Mortgage Pass-Through |
| 3 | Certificates Series 2007-2, its assignees and/or successors, and its servicing agent, Select |
| 4 | Portfolio Servicing, Inc. ("Movant"), by and through its undersigned attorney, moves for |
| 5 | termination of all stays and injunctions, pursuant to 11 U.S.C. § 362(d), 11 U.S.C. § 105, |
| 6 | Bankruptcy Rules 4001 and 9014 and Local Rule 4001, regarding the real property generally |
| 7 | described as 150 North Lakeview Blvd Lot 24, Chandler, AZ 85225. |

The relief requested in this Motion is proper for all of the reasons set forth in the Memorandum of Points and Authorities attached hereto and incorporated herein by this reference.

DATED: December 19, 2008

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Matthew A. Silverman , Esq.
Paul M. Levine
Matthew A. Silverman
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Attorneys for Movant

2    File No. AZ08-39103 Case No. 2:08-bk-12336-SSC
Motion For Relief From Automatic Stay

# **MEMORANDUM OF POINTS AND AUTHORITIES**

1. On or about 09/16/2008, Debtors filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings against the Debtors or any act to obtain possession of any property of the Debtors or to enforce any lien against any property of the Debtors.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

3. On or about 07/24/2006, Movant entered into a contract with Gregory Louis Weldon and Nicole Ann Weldon wherein Debtors agreed to pay the amount of $432.45, or more, on or before the first day of every month, beginning on or about 09/01/2006. The obligation is evidenced by a Note and secured by a Deed of Trust. **See Exhibit "1"**.

4. The Deed of Trust was timely and duly recorded and perfected in accordance with Arizona law in the office of the Maricopa County Recorder.

5. Movant is the holder of the Note and owner of the beneficial interest in the Deed of Trust and is the real party in interest.

6. The original principal amount of the Note was $53,150.00, plus interest, costs and attorneys' fees for collection. Currently, but for the defaults in acceleration, the monthly payment pursuant to the Note would be $432.45.

7. The Debtors have failed to make monthly payments, beginning with the month of 05/01/2008, and all subsequent payments, costs, attorneys' fees, interest and accruing late charges. Debtors have been in default for 7 months.

8. As of 11/05/2008, the amount required to fully reinstate the Debtors' loan is approximately $4,009.40 , itemized as follows:

| | | | | | |
|---|---|---|---|---|---|
| Unpaid Principal Balance: | | | | $ | 52,541.44 |
| DELINQUENCIES: | | | | | |
| Monthly Payments: | 7 | at | $432.45 | $ | 3,027.15 |
| (05/08 through 11/08) | | | | | |
| Late Charges: | 1 | at | $50.00 | $ | 50.00 |
| Other Items: | | | | $ | 1.70 |
| Foreclosure Attorney's Fees & Costs: | | | | $ | 130.55 |
| Bankruptcy Attorney's Fees & Costs: | | | | $ | 800.00 |
| Total Delinquencies: | | | | $ | 4,009.40 |
| Total Amount Due to Secured Creditor: | | | | $ | 56,550.84 |

9. Pursuant to the Note, Movant has declared the entire unpaid balance of principal and accrued interest, plus all other amounts owed, to be immediately due and payable. As of 11/05/2008, the principal amount owing on the Note secured by the Trust Deed is $56,550.84.

10. Movant has performed all of its obligations required under the Note and Deed of Trust, and all conditions precedent to the Debtors' performance there under have occurred.

## **MOVANT IS NOT ADEQUATELY PROTECTED**

11. Movant is not adequately protected. Movant is not receiving regular monthly payments from the Debtors, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(1).

## **DEBTORS HAVE NO EQUITY IN THE PROPERTY AND THE PROPERTY IS NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION**

12. Pursuant to 11 U.S.C. § 362 subd. (d)(2), Movant is entitled to relief from the automatic stay to enforce its lien if Debtors have no equity, and the Property is not necessary for an effective reorganization. Unless a reorganization is contemplated and feasible, a creditor is entitled to relief from the automatic stay if the Debtors have no equity in the Property. In Re Diplomat Electronics Corp., B.R. 688 (Bank S.D.N.Y. 1988).

13. The Moving Party further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

14. Movant requesting relief from the stay has the burden of proof on only one issue. That is the issue of the Debtors' equity in the Property. On all other issues, any party opposing relief has the burden of proof. 11 U.S.C. § 362(g). Unless a party opposing relief produces evidence on these points, Movant is entitled to relief without presenting any evidence whatsoever. Gauvin v. Wagner (In re Gauvin), 8 C.B.C. 2nd 359, 361; 10 BCD 219; 24 B.R. 578 (9th Cir. BAP 1982). Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof even on the issue of equity. Id.

15. Upon information and belief, the Debtors have no equity in the subject Property and the subject Property is not necessary for an effective reorganization.

16. The current value of the subject Property is $280,000.00, based upon the Debtors' own value as set forth in Schedule A. **See Exhibit "2"**.

17. Other than Movant's Deed of Trust, the subject Property is also encumbered by a first Deed of Trust in favor of Wells Fargo Mortgage in the approximate amount of $290,000.00 as set forth in Debtors' Schedule D. **See Exhibit "3"**.

18. Other than Movant's Deed of Trust, the subject Property is also encumbered by a HOA Lien in favor of Tuscan Spring HOA in the approximate amount of $1,544.00 as set forth in Debtors' Schedule D. **See Exhibit "3"**.

19. In determining whether there is equity, all encumbrances on the Property, including costs and attorney's fees, must be considered. In Re McCall, 25 B.R. 199 (Bank E.D. PA 1982). In addition, the valuation assigned to the subject Property must be reduced by an amount sufficient to cover the creditor's estimated cost of liquidating the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates (In re Rancho El Cajon Associates), 18 B.R. 283 (Bank. S.D. Cal. 1982).

20. In the present case, the Debtors have little or no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Movant herein and the other liens as noted in this Motion.

| | | |
|---|---|---:|
| Value | $ | 280,000.00 |
| Total Liens to Secured Creditor | $ | 56,550.84 |
| Senior Liens | $ | 290,000.00 |
| Involuntary Liens | $ | 1,544.00 |
| Less 8% Cost of Sale | $ | 22,400.00 |
| Equity | $ | (90,494.84) |

21. Based on the foregoing, Movant alleges that there is no equity in the subject Property and the Property is not necessary for an effective reorganization. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(2).

## CONCLUSION

1. Movant's claim is in default and unpaid by the Debtors.
2. Movant's only form of redress is to look to the secured property.
3. Costs, attorneys' fees and interest continue to mount on Movant's claim, thus completely eroding any and all equity that may be claimed by Respondent.
4. This property is not required for any reorganization.
5. Movant is not adequately protected.
6. Movant is a secured creditor who is at dangerous peril of becoming undersecured as a result of the stays which enjoin Movant from foreclosing its lien. Therefore, pursuant to 11 U.S.C. § 362(d)(2), this Motion should be granted to avoid further erosion of Movant's secured lien position.

## REQUEST FOR RELIEF

WHEREFORE, Movant requests that the Court enter its Order granting the following relief:

1    A.   Terminating all stays and injunctions including, but not limited to, the automatic stays under Bankruptcy Code § 362(a)(2) and 105 with respect to the property which is described herein as to the Movant only;

    B.   For Movant's reasonable attorneys' fees and costs and interest herein incurred and expended; and

    C.  For such other and further relief as the Court deems just and equitable.

DATED:  December 19, 2008

**McCarthy ◆ Holthus ◆ Levine**

By: /s/  Matthew A. Silverman  , Esq.
  Paul M. Levine
  Matthew A. Silverman
  3636 North Central Avenue
  Suite 1050
  Phoenix, AZ 85012
  Attorneys for Movant

On 12/18/2008, I served the foregoing documents described as **MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**, on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

DEBTORS
Gregory Louis Weldon
PO Box 12696
Scottsdale, AZ 85267

COUNSEL FOR DEBTORS
D. Lamar Hawkins
AIKEN SCHENK HAWKINS
& RICCIARDI PC
4742 NORTH 24TH
STREET, SUITE 100
PHOENIX, AZ 85016

20 LARGEST UNSECURED CREDITORS
Served as per **Exhibit "3"** attached hereto

SPECIAL NOTICE
RENEE SANDLER SHAMBLIN
OFFICE OF THE U.S. TRUSTEE
230 North First Avenue, Suite 204
PHOENIX, AZ 85003-1706

America's Servicing Company
1544 Old Alabama Road
Roswell, GA 30076

C/O MARK S. BOSCO NATIONAL CITY MORTGAGE CO.
MARK 4 BOSCO
2525 EAST CAMELBACK ROAD SUITE 300
Phoenix, AZ 85016

Chase Home Finance LLC
JASON 1 SHERMAN
3300 N CENTRAL AVE STE 2200
Phoenix, AZ 85012-2582

EMC Mortgage Corporation
P.O. Box 293150
Lewisville, TX 75029-3150

GMAC MORTGAGE, LLC
CHRISTOPHER RYAN CHICOINE
4375 JUTLAND DRIVE
San Diego, CA 92117

Homecomings Financial, LLC
CHRISTOPHER RYAN CHICOINE
4375 JUTLAND DRIVE
San Diego, CA 92117

IndyMac Federal Bank
c/o Malcolm and Cisneros
2112 Business Center Drive
Irvine, CA 92612

M&I Marshall & Ilsley Bank
LARRY O. FOLKS
1850 N. CENTRAL AVE #1140
Phoenix, AZ 85004

Wells Fargo Bank, N.A. C/O Mark S. Bosco.
MARK 7 BOSCO
2525 EAST CAMELBACK ROAD, STE 300
Phoenix, AZ 85016

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ David Fry
David Fry