IT IS HEREBY ADJUDGED and
DECREED this is SO ORDERED.

Dated: August 10, 2012

*Sarah Curley* (signature)

**Sarah S. Curley, Bankruptcy Judge**

1 **AIKEN SCHENK HAWKINS & RICCIARDI P.C.**
4742 N. 24th Street, Suite 100
2 Phoenix, Arizona 85016
Telephone: (602) 248-8203
3 Facsimile: (602) 248-8840
E-Mail: dlh@ashrlaw.com
4 E-Mail: prr@ashrlaw.com
E-Mail: crc@ashrlaw.com
5 **D. Lamar Hawkins – 013251**
**Philip R. Rupprecht – 009288**
6 **Christopher R. Chicoine– 025260**
7 **Attorney for Debtors**

8 ## IN THE UNITED STATES BANKRUPTCY COURT

9 ### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| GREGORY LOUIS WELDON and NICOLE ANN WELDON, | Case No. 2:08-bk-12336-SSC |
| Debtors. | **ORDER CONFIRMING PLAN** |
| Address: P.O. Box 12696 Scottsdale, AZ 85086 | |
| Social Security Nos.: xxx-xx-8799 xxx-xx-0152 | |

This matter is before the Court for hearing on the Debtors' First Plan Of Reorganization which the Debtors filed on April 7, 2009 (the "Plan"), and which was transmitted to all creditors and equity security holders.

The Court determined at the hearing on notice to all creditors and parties in interest that the requirements for confirmation set forth in 11 U.S.C. § 1129(b) are satisfied as set forth below.

All objections to the Plan having been resolved; and

This Order modifies the Plan in the following particulars:

A. **Aiken Schenk Hawkins & Ricciardi P.C.**

The Debtors and Aiken Schenk Hawkins & Ricciardi P.C ("ASHR") agree that ASHR holds an Allowed Administrative Claim that in Class 1-A for legal fees and costs incurred during the Debtors' Chapter 11 Bankruptcy Proceeding. Commencing on October 6, 2011, the Debtors will make monthly payments to ASHR in the amount of $1,000.00 per month. This Allowed

Administrative Claim will bear interest at 8% from the Effective Date. The Debtors will make these monthly payments until ASHR's Class 1-A Allowed Administrative Claim is paid in full.

### B. **Internal Revenue Service**

The Internal Revenue Service (the "IRS") filed a third amended proof of claim in the amount of $272,188.51. Of this amount, $175,699.75 shall be entitled to a priority claim (the "Allowed Priority Claim"). The remaining portion of the proof of claim of $96,488.76 shall be treated in accordance with Class 3-A. The Debtors and the IRS agree that the IRS holds an Allowed Priority Claim that is a Class 1-C Claim for pre-petition taxes in the amount of $175,699.75. Commencing on October 6, 2011 and continuing through September of 2016, the Debtors will make monthly payments to the IRS in the amount of $1,000.00. Pursuant to 11 U.S.C. §511, the IRS will receive interest on its Allowed Priority Claim at the rate established by 26 U.S.C. §6621(a)(2) and 6622. A payment schedule detailing the Debtors' payments to the IRS is attached hereto as Exhibit "A" and incorporated by reference herein. Any portion of the IRS Allowed Priority Claim, including accruals for interest that remain unpaid after the completion of the Plan, shall not be discharged (to the extent it has not yet been paid). The Debtors will not receive a discharge in accordance with 11 U.S.C. §1141(d)(2) until after completion of their payments on the IRS' Allowed Priority Claim. Nothing in the Plan will constitute a discharge of tax liabilities that accrued or were incurred by the Debtors post-petition or as to the IRS' Allowed Priority Claim.

In the event the Debtors default on any payment due to the IRS as required under the confirmed Plan, and in the event that the Debtors fail to cure said default within thirty (30) days after written notice of the default is mailed to the Debtors and the Debtors' attorney, the entire imposed liability together with any unpaid current liabilities, shall become due and payable immediately. The IRS may collect unpaid liabilities that become due as a result of the default, through the administrative collection provisions or the judicial remedies as set forth in the Internal Revenue Code. The IRS shall not be required to seek a modification from the automatic stay to collect any tax liabilities that were not discharged by the confirmation of the Plan and from property that has revested with the Debtors. A failure by the Debtors to timely file any tax return or timely

pay any tax liability that becomes due while the Plan is pending will constitute a default under the terms of the Plan.

### C.     __Arizona Department of Revenue__

The Arizona Department of Revenue ("ADOR") filed an amended proof of claim in the total amount of $32,336.78. The Debtors and ADOR agree that the ADOR holds an Allowed Priority Claim that is a Class 1-C Claim for pre-petition taxes in the amount of $26,714.00. The remaining claim of $5,622.50 shall be treated in accordance with Class 3-A. The treatment of ADOR's Class 1-C Allowed Priority Claim shall be treated such that ADOR shall be paid monthly payments of $500.00, paid over five years from the Effective Date (the "Payment Period"). Interest on the Allowed Priority Claim shall accrue at the rate established pursuant to state law. A payment schedule detailing the Debtors' payments to ADOR is attached hereto as Exhibit "A" and incorporated by reference herein. The first payment is due on October 6, 2011. At the end of the Payment Period, the Debtors' remaining obligation to ADOR related to its Allowed Priority Claim will not be discharged (to the extent it has not yet been paid), and the Debtors shall be required to negotiate a new payment schedule with ADOR under whatever ADOR programs or procedures exist at that time.

In the event the Debtors default on any payment due to ADOR as required under the confirmed Plan, and in the event the Debtors fail to cure said default within thirty (30) days after written notice of the default is mailed to the Debtors and the Debtors' attorney, the entire imposed liability together with any unpaid current liabilities, shall become due and payable immediately. ADOR may collect unpaid liabilities that become due as a result of the default through the administrative collection provisions or the judicial remedies provided pursuant to Arizona law. ADOR shall not be required to seek a modification from the automatic stay to collect any tax liabilities that were not discharged by the confirmation of the Plan and from property that has revested with the Debtors.

### D.     __Maricopa County: Class 2-A__

The Debtors acknowledge Maricopa County's secured proof of claim filed on November 17, 2008 and the parcels referenced in the proof of claim. The Debtors also acknowledge that Maricopa

County claims interest that accrues at a statutory rate of 16% per annum. However, the Debtors have surrendered all real property and the Plan will not provide for payments related to the parcels referenced in the proof of claim filed by Maricopa County. Maricopa County is free to foreclose on the real property as it sees fit in accordance with State Law to recover any real property taxes owing.

**E.    GMAC: Class 2-B**

The Debtors entered into a Stipulation Terminating Automatic Stay with GMAC Mortgage, LLC ("GMAC") related to the real property located at 2613 West Irvine Road, Phoenix, Arizona, (the "Irvine Property") which was filed on the Court on November 18, 2009 and the Court entered an Order Granting the Stipulation on December 14, 2009, copies of Stipulation and Order are attached hereto as Exhibit "B".

The Debtors believe the Irvine Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Irvine Property to the holder of the first position note and deed of trust encumbering the Irvine Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Irvine Property. Any deficiency resulting from GMAC's Claim shall be treated in accordance with Class 3-A.

**E.    Chase: Class 2-C**

This Class consists of the Allowed Secured Claim held by Chase Home Finance, LLC ("Chase"), which is secured by a second position interest in the Irvine Property. The Debtors believe the Irvine Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Irvine Property to the holder of the first position note and deed of trust encumbering the Irvine Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Irvine Property. Any deficiency resulting from Chase's Claim shall be treated in accordance with Class 3-A.

**F.    IndyMac Federal Bank FSB: Class 2-D**

On November 12, 2008, IndyMac Federal Bank FSB ("IndyMac") filed a Motion for Relief

from Automatic Stay regarding the real property located at 2446 West White Feather Lane, Phoenix, AZ 85085 ("White Feather Property") and the Order terminating the automatic stay was signed by the Court on December 8, 2008. A Copy of the Order is attached hereto as Exhibit "C".

The Debtors believe the White Feather Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the White Feather Property to the holder of the first position note and deed of trust encumbering the White Feather Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the White Feather Property. Any deficiency resulting from IndyMac's Claim shall be treated in accordance with Class 3-A.

## G.   CLC: Class 2-E

This Class consists of the Allowed Secured Claim held by CLC Consumer Services ("CLC"), which is secured by a second position interest in the White Feather Property. The Debtors believe the White Feather Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the White Feather Property to the holder of the first position note and deed of trust encumbering the White Feather Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the White Feather Property. Any deficiency resulting from CLC's Claim shall be treated in accordance with Class 3-A.

## H.   Dynamite Mountain Ranch-HOA: Class 2-F

This Class consists of the Allowed Secured Claim held by Dynamite Mountain Ranch ("DMR") that is secured by a homeowner's association lien on the property more fully described in its Motion for Administrative Claim filed on December 14, 2010, at docket entry number 430. A Stipulated Order for Administrative Expense Claim was entered on August 19, 2011 at docket entry number 479 and attached hereto as Exhibit D. Under the Stipulated Order, DMR shall have an administrative claim in the amount of $10,738.71, payable in equal monthly installments over 12 months. The terms of the Stipulated Order are incorporated into this Confirmation Order and control over any inconsistent language herein.

## I.    Wells Fargo Bank, N.A.: Class 2-G

The Debtors entered into a Stipulation for Adequate Protection with Wells Fargo Bank, N.A. ("Wells Fargo") related to the real property located at 150 N. Lakeview Blvd., Lot 24, Chandler, AZ 85226 ("Lakeview Property"), which was filed on the Court on October 5, 2009 and the Court entered an Order Granting the Stipulation on October 14, 2009, copies of Stipulation and Order are attached hereto as Exhibit "E".

The Debtors believe the Lakeview Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Lakeview Property to the holder of the first position note and deed of trust encumbering the Lakeview Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Lakeview Property. Any deficiency resulting from Wells Fargo's Claim shall be treated in accordance with Class 3-A.

## J.    U.S. Bank: Class 2-H

On December 19, 2008, U.S. Bank National Association as trustee on behalf of the certificate insurer and holders of Home Equity Mortgage Trust Series 2007-2 Home Equity Mortgage Pass-Through Certificates Series 2007-2, its assignees and/or successors, and its servicing agent, Select Portfolio Servicing, Inc. ("U.S. Bank") filed a Motion for Relief from Automatic Stay regarding its second position interest in the real property located at 150 North Lakeview Blvd, Lot 24, Chandler, AZ 85225 ("Lakeview Property"). The order terminating the automatic stay was signed by the Court on January 9, 2009. A copy of the Order is attached hereto as Exhibit "F".

The Debtors believe the Lakeview Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Lakeview Property to the holder of the first position note and deed of trust encumbering the Lakeview Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Lakeview Property. Any deficiency resulting from US Bank's Claim shall be treated in accordance with Class 3-A.

## K.    Tuscan Springs-HOA: Class 2-I

This Class consists of the Allowed Secured Claim held by Tuscan Springs HOA related to

its homeowner's association lien on the real property located at 150 North Lakeview Blvd, Lot 24, Chandler, AZ 85225 ("Lakeview Property"). If there are any homeowner's association fees owed on the Lake View Property, they shall attach only to such property and be collected from the owner of such property and not the Debtors.

The Debtors believe the Lakeview Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Lakeview Property to the holder of the first position note and deed of trust encumbering the Lakeview Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Lakeview Property.

**L.     Aurora Loan Services: Class 2-J**

The Debtors entered into a Stipulation for Relief from the Automatic Stay with Aurora Loan Services, LLC, its assignees and/or successors ("Aurora") related to the real property located at 8651 East Royal Palm, Unit C125, Scottsdale, AZ 85258 ("Royal Palm Property"), which was filed on the Court on July 3, 2009 and the Court entered an Order Granting the Stipulation on July 7, 2009, copies of Stipulation and Order are attached hereto as Exhibit "G".

The Debtors believe the Royal Palm Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Royal Palm Property to the holder of the first position note and deed of trust encumbering the Royal Palm Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Royal Palm Property. Any deficiency resulting from Aurora's Claim shall be treated in accordance with Class 3-A.

**M.     GMAC: Class 2-K**

This Class consists of the Allowed Secured Claim held by GMAC, which is secured by a second position interest in the Royal Palm Property. The Debtors believe the Royal Palm Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Royal Palm Property to the holder of the first position note and deed of trust encumbering the Royal Palm Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other

interest in the Royal Palm Property. Any deficiency resulting from GMAC's Claim shall be treated in accordance with Class 3-A.

**N.** **Villa De Vallarta-HOA: Class 2-L**

This Class consists of the Allowed Secured Claim held by Villa De Vallarta related to its homeowner's association lien on the real property located at 8651 East Royal Palm, Unit C125, Scottsdale, AZ 85258 ("Royal Palm Property"). If there are any homeowner's association fees owed on the Royal Palm Property they shall attach only to such property and be collected from the owner of such property and not the Debtors.

The Debtors believe the Royal Palm Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Royal Palm Property to the holder of the first position note and deed of trust encumbering the Royal Palm Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Royal Palm Property.

**O.** **National City Mortgage Co.: Class 2-M**

The Debtors entered into a Stipulation for Adequate Protection with National City Mortgage Co. ("National City") related to the real property located at 1915 S. 39th Street, #113, Mesa, AZ 85206 ("39th Street Property"), which was filed on the Court on October 12, 2009 and the Court entered an Order Granting the Stipulation on October 14, 2009, copies of Stipulation and Order are attached hereto as Exhibit "H".

The Debtors believe the 39th Street Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the 39th Street Property to the holder of the first position note and deed of trust encumbering the 39th Street Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the 39th Street Property. Any deficiency resulting from National City's Claim shall be treated in accordance with Class 3-A.

**P.** **Chase: Class 2-N**

This Class consists of the Allowed Secured Claim held by Chase Home Finance, LLC ("Chase"), which is secured by a second position interest in the 39th Street Property. The Debtors

believe the 39th Street Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the 39th Street Property to the holder of the first position note and deed of trust encumbering the 39th Street Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the 39th Street Property. Any deficiency resulting from Chase's Claim shall be treated in accordance with Class 3-A.

**Q.    Vista Villages-HOA: Class 2-O**

This Class consists of the Allowed Secured Claim held by Vista Villages HOA related to its homeowner's association lien on the real property located at 1915 S. 39th Street, #113, Mesa, AZ 85206 ("39th Street Property"). If there are any homeowner's association fees owed on the 39th Street Property, they shall attach only to such property and be collected from the owner of such property and not the Debtors.

The Debtors believe the 39th Street Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the 39th Street Property to the holder of the first position note and deed of trust encumbering the 39th Street Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the 39th Street Property.

**R.    MIT Lending, its successors and/or assigns: Class 2-P**

On February 13, 2009, MIT Lending its successors and/or assigns ("MIT") filed a Motion for Relief from Automatic Stay regarding its first position interest in the real property located at 4327 North 28th Street, #108, Phoenix, AZ 85016 ("28th Street Property"). The order for relief was signed by the Court on March 10, 2009. A copy of the Order is attached hereto as Exhibit "I".

The Debtors believe the 28th Street Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the 28th Street Property to the holder of the first position note and deed of trust encumbering the 28th Street Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the 28th Street Property. Any deficiency resulting from MIT's Claim shall be treated in accordance with Class 3-A.

**S. GMAC: Class 2-Q**

This Class consists of the Allowed Secured Claim held by GMAC Mortgage, LLC ("GMAC"), which is secured by a second position interest in the 28th Street Property. The Debtors believe the 28th Street Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the 28th Street Property to the holder of the first position note and deed of trust encumbering the 28th Street Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the 28th Street Property.

**T. The Mews-HOA: Class 2-R**

This Class consists of the Allowed Secured Claim held by The Mews on Twenty-Eighth Street, Inc. related to its homeowner's association lien on the real property located at 4327 North 28th Street, #108, Phoenix, AZ 85016 (the "28th Street Property"). If there are any homeowner's association fees owed on the 28th Street Property they shall attach only to such property and be collected from the owner of such property and not the Debtors.

The Debtors believe the 28th Street Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the 28th Street Property to the holder of the first position note and deed of trust encumbering the 28th Street Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the 28th Street Property.

**U. First Magnus Financial Corporation: Class 2-S**

On December 29, 2008, First Magnus Financial Corporation its successors and/or assigns ("First Magnus") filed a Motion for Relief from Automatic Stay regarding its first position interest in the real property located at 3304 East Blackhawk Drive, Phoenix, AZ 85050 ("Blackhawk Property"). The order for relief was signed by the Court on January 23, 2009. A copy of the Order is attached hereto as Exhibit "J".

The Debtors believe the Blackhawk Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Blackhawk Property to the holder of the first position note and deed of trust

encumbering the Blackhawk Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Blackhawk Property. Any deficiency resulting from First Magnus's Claim shall be treated in accordance with Class 3-A.

**V.    Homecomings: Class 2-T**

This Class consists of the Allowed Secured Claim held by Homecomings Financial, LLC ("Homecomings"), which is secured by a second position interest in the Blackhawk Property. The Debtors believe the Blackhawk Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Blackhawk Property to the holder of the first position note and deed of trust encumbering the Blackhawk Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Blackhawk Property. Any deficiency resulting from Homecomings' Claim shall be treated in accordance with Class 3-A.

**W.    Springfield Park: Class 2-U**

This Class consists of the Allowed Secured Claim held by Springfield Park HOA related to its homeowner's association lien on the real property located at 3304 East Blackhawk Drive, Phoenix, AZ 85050 ("Blackhawk Property"). If there are any homeowner's association fees owed on the Blackhawk Property they shall attach only to such property and be collected from the owner of such property and not the Debtors.

The Debtors believe the Blackhawk Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Blackhawk Property to the holder of the first position note and deed of trust encumbering the Blackhawk Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Blackhawk Property.

**X.    JP Morgan Chase Bank: Class 2-V**

The Debtors entered into a Stipulation Terminating Automatic Stay with JP Morgan Chase Bank, National Association as Trustee of Bear Stearns Asset, its assignees and/or successors ("Chase") related to the real property located at 2226 West Roy Rogers Road, Phoenix, AZ 85085 ("Roy Rogers Property"), which was filed on the Court on July 15, 2009 and the Court entered an

Order Granting the Stipulation on July 15, 2009, copies of Stipulation and Order are attached hereto as Exhibit "K".

The Debtors believe the Roy Rogers Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Roy Rogers Property to the holder of the first position note and deed of trust encumbering the Roy Rogers Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Roy Rogers Property. Any deficiency resulting from Chase's Claim shall be treated in accordance with Class 3-A.

### Y.  EMC: Class 2-W

This Class consists of the Allowed Secured Claim held by EMC Mortgage Corporation ("EMC"), which is secured by a second position interest in the Roy Rogers Property. The Debtors believe the Roy Rogers Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Roy Rogers Property to the holder of the first position note and deed of trust encumbering the Roy Rogers Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Roy Rogers Property. Any deficiency resulting from EMC's Claim shall be treated in accordance with Class 3-A.

### Z.  Dynamite Mountain Ranch:  Class 2-X

This Class consists of the Allowed Secured Claim held by Dynamite Mountain Ranch related to its homeowner's association lien on the real property located at 2226 West Roy Rogers Road, Phoenix, AZ 85085. DMR's treatment under Class 2-X shall be the same as that described in Class 2-F above. DMR and the Debtors executed a Stipulated Order for Administrative Expense Claim that has been incorporated into this Order Confirming Plan.

### AA.  MERS:  Class 2-Y

On December 22, 2008, MERS as nominee for Central Mortgage Company ("MERS") filed a Motion to Lift the Automatic Stay regarding its first position interest in the real property located at 7106 North 28th Drive, Phoenix, AZ 85051 ("28th Drive Property"). The order for relief was signed by the Court on January 14, 2009. A copy of the Order is attached hereto as Exhibit "L".

The Debtors believe the 28th Drive Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the 28th Drive Property to the holder of the first position note and deed of trust encumbering the 28th Drive Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the 28th Drive Property. Any deficiency resulting from MERS' Claim shall be treated in accordance with Class 3-A.

**BB.    GMAC: Class 2-Z**

This Class consists of the Allowed Secured Claim held by GMAC Mortgage, LLC ("GMAC"), which is secured by a second position interest in the 28th Drive Property. The Debtors believe the 28th Drive Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the 28th Drive Property to the holder of the first position note and deed of trust encumbering the 28th Drive Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the 28th Drive Property. Any deficiency resulting from GMAC's Claim shall be treated in accordance with Class 3-A.

**CC.    Golden Key:  Class 2-AA**

This Class consists of the Allowed Secured Claim held by Golden Key HOA related to its homeowner's association lien on the real property located at 7106 North 28th Drive, Phoenix, AZ 85051 ("28th Drive Property").  If there are any homeowner's association fees owed on the 28th Drive Property they shall attach only to such property and be collected from the owner of such property and not the Debtors.

The Debtors believe the 28th Drive Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the 28th Drive Property to the holder of the first position note and deed of trust encumbering the 28th Drive Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the 28th Drive Property.

**DD.    TB&W: Class 2-BB**

On April 28, 2009, Taylor, Bean & Whitaker Mortgage Corporation ("TB&W") filed a

Motion for Relief from the Automatic Stay regarding its first position interest in the real property located at 2337 West Straight Arrow Lane, Phoenix, AZ 85085 ("Straight Arrow Property"). The order lifting stay was signed by the Court on May 22, 2009. A copy of the Order is attached hereto as Exhibit "M".

The Debtors believe the Straight Arrow Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Straight Arrow Property to the holder of the first position note and deed of trust encumbering the Straight Arrow Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Straight Arrow Property. Any deficiency resulting from TB&W's Claim shall be treated in accordance with Class 3-A.

### EE. TB&W: Class 2-CC

This Class consists of the Allowed Secured Claim held by Taylor Bean & Whitaker ("TB&W"), which is secured by a second position interest in the Straight Arrow Property. The Debtors believe the Straight Arrow Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Straight Arrow Property to the holder of the first position note and deed of trust encumbering the Straight Arrow Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Straight Arrow Property. Any deficiency resulting from TB&W's Claim shall be treated in accordance with Class 3-A.

### FF. Dynamite Mountain Ranch: Class 2-DD

This Class consists of the Allowed Secured Claim held by Dynamite Mountain Ranch related to its homeowner's association lien on the real property located at 2337 West Straight Arrow Lane, Phoenix, AZ 85085. DMR's treatment under Class 2-DD shall be the same as that described in Class 2-F above. DMR and the Debtors executed a Stipulated Order for Administrative Expense Claim that has been incorporated into this Order Confirming Plan.

### GG. Citibank N.A.: Class 2-EE

On July 14, 2009, Citibank N.A. as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust Mortgage Pass-Through Certificates Series

2006-4, its assignees and/or successors ("Citibank") filed a Third Amended Motion for Relief from Automatic Stay regarding its first position interest in the real property located at 28033 North Via Dona Road, Phoenix, AZ 85085 ("Dona Road Property"). The order lifting stay was signed by the Court on August 11, 2009. A copy of the Order is attached hereto as Exhibit "N".

The Debtors believe the Dona Road Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Dona Road Property to the holder of the first position note and deed of trust encumbering the Dona Road Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Dona Road Property. Any deficiency resulting from Citibank's Claim shall be treated in accordance with Class 3-A.

**HH.  TB&W: Class 2-FF**

On May 11, 2009, Taylor, Bean & Whitaker Mortgage Corporation, and its successors and/or assignees ("TB&W") filed a Motion for Relief from Automatic Stay regarding its second position interest in the real property located at 28033 North Via Dona Road, Phoenix, AZ 85085. The order lifting stay was signed by the Court on June 8, 2009. A copy of the Order is attached hereto as Exhibit "O".

The Debtors believe the Dona Road Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Dona Road Property to the holder of the first position note and deed of trust encumbering the Dona Road Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Dona Road Property. Any deficiency resulting from TB&W's Claim shall be treated in accordance with Class 3-A.

**II.  Dynamite Mountain Ranch: Class 2-GG**

This Class consists of the Allowed Secured Claim held by Dynamite Mountain Ranch related to its homeowner's association lien on the real property located at 28033 North Via Dona Road, Phoenix, AZ 85085. DMR's treatment under Class 2-GG shall be the same as that described in Class 2-F above. DMR and the Debtors executed a Stipulated Order for Administrative Expense Claim that has been incorporated into this Order Confirming Plan.

**JJ.     Bank of America: Class 2-HH**

On August 19, 2009, Bank of America National Association as Successor By Merger to Lasalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trusts 2006-6AR ("Bank of America") filed a Motion to Lift the Automatic Bankruptcy Stay regarding its first position interest in the real property located at 2526 West Big Oak St., Phoenix, AZ 85085 ("Big Oak Property"). The order lifting the stay was signed by the Court on October 14, 2009. A copy of the Order is attached hereto as Exhibit "P".

The Debtors believe the Big Oak Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Big Oak Property to the holder of the first position note and deed of trust encumbering the Big Oak Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Big Oak Property. Any deficiency resulting from Bank of America's Claim shall be treated in accordance with Class 3-A.

**KK.     Ocwen: Class 2-II**

This Class consists of the Allowed Secured Claim held by Ocwen, which is secured by a second position interest in the Big Oak Property. The Debtors believe the Big Oak Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Big Oak Property to the holder of the first position note and deed of trust encumbering the Big Oak Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Big Oak Property. Any deficiency resulting from Ocwen's Claim shall be treated in accordance with Class 3-A.

**LL.     Dynamite Mountain Ranch: Class 2-JJ**

This Class consists of the Allowed Secured Claim held by Dynamite Mountain Ranch related to its homeowner's association lien on the real property located at 2526 West Big Oak St., Phoenix, AZ 85085. DMR's treatment under Class 2-JJ shall be the same as that described in Class 2-F above. DMR and the Debtors executed a Stipulated Order for Administrative Expense Claim that has been incorporated into this Order Confirming Plan.

### MM.  EMC: Class 2-KK

The Debtors entered into a Stipulation Terminating Automatic Stay with EMC Mortgage Corporation, its assignees and/or successors ("EMC") related to the real property located at 2339 West Running Deer Trail, Phoenix, AZ 85085 ("Running Deer Property"), which was filed on the Court on July 10, 2009 and the Court entered an Order Granting the Stipulation on July 31, 2009, copies of Stipulation and Order are attached hereto as Exhibit "Q".

The Debtors believe the Running Deer Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Running Deer Property to the holder of the first position note and deed of trust encumbering the Running Deer Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Running Deer Property. Any deficiency resulting from EMC's Claim shall be treated in accordance with Class 3-A.

### NN.  EMC: Class 2-LL

This Class consists of the Allowed Secured Claim held by EMC Mortgage Corporation ("EMC"), which is secured by a second position interest in the Running Deer Property.  The Debtors believe the Running Deer Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Running Deer Property to the holder of the first position note and deed of trust encumbering the Running Deer Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Running Deer Property. Any deficiency resulting from EMC's Claim shall be treated in accordance with Class 3-A.

### OO.  Dynamite Mountain Ranch: Class 2-MM

This Class consists of the Allowed Secured Claim held by Dynamite Mountain Ranch related to its homeowner's association lien on the real property located at 2339 West Running Deer Trail., Phoenix, AZ 85085.  DMR's treatment under Class 2-JJ shall be the same as that described in Class 2-F above. DMR and the Debtors executed a Stipulated Order for Administrative Expense Claim that has been incorporated into this Order Confirming Plan.

**PP.    M&I: Class 2-NN**

This Class consists of the Allowed Secured Claim held by M&I Marshall & Ilsley Bank ("M&I"), which is secured by a first position interest in the real property at 298XX N. 70th Street, Scottsdale, Maricopa County, Arizona, Parcel No. 216-67-116-B ("70th Street Property"). The Debtors believe the Celestial Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Celestial Property to the holder of the first position note and deed of trust encumbering the Celestial Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the 70th Street Property. Any deficiency resulting from M&I's Claim shall be treated in accordance with Class 3-A.

**QQ.    M&I: Class 2-OO**

This Class consists of the Allowed Secured Claim held by M&I Marshall & Ilsley Bank ("M&I"), which is secured by a first position interest in the real property located at 10450 E. Celestial Drive, Scottsdale, AZ ("Celestial Property").  The Debtors believe the Celestial Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Celestial Property to the holder of the first position note and deed of trust encumbering the Celestial Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Celestial Property. Any deficiency resulting from M&I's Claim shall be treated in accordance with Class 3-A.

**RR.    DMMA: Class 2-PP**

This Class consists of the Allowed Secured Claim held by Desert Mountain Master Association ("DMMA") related to its homeowner's association lien against the Celestial Property. If there are any homeowner's association fees owed on the Celestial Property they shall attach only to such property and be collected from the owner of such property and not the Debtors.

The Debtors believe the Celestial Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Celestial Property to the holder of the first position note and deed of trust

encumbering the Celestial Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Celestial Property.

### SS.  First Credit Union: Class 2-QQ

This Class consists of the Allowed Secured Claim held by First Credit Union, which is secured by a first position interest in the real property located at 169 & Rio Verde Drive, Maricopa County, Arizona ("Rio Verde Property"). The Debtors believe the Rio Verde Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the Rio Verde Property to the holder of the first position note and deed of trust encumbering the Rio Verde Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the Rio Verde Property. Any deficiency resulting from First Credit Union's Claim shall be treated in accordance with Class 3-A.

### TT.  National City Mortgage:  Class 2-RR

On December 18, 2008, National City Mortgage filed a Motion to Lift the Automatic Bankruptcy Stay regarding its first position interest in the real property located at 33520 N. 63rd St., Cave Creek, AZ 85331 ("63rd Street Property"). The order lifting the stay was signed by the Court on January 22, 2009. A copy of the Order is attached hereto as Exhibit "R".

The Debtors believe the 63rd Street Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the 63rd Street Property to the holder of the first position note and deed of trust encumbering the 63rd Street Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the 63rd Street Property. Any deficiency resulting from National City's Claim shall be treated in accordance with Class 3-A.

### UU.  Countrywide: Class 2-SS

This Class consists of the Allowed Secured Claim held by Countrywide, which is secured by a second position interest in the 63rd Street Property. The Debtors believe the 63rd Street Property was foreclosed upon. In the event no such foreclosure occurred, this Order Confirming the Plan shall operate as an immediate and absolute transfer of the 63rd Street Property to the holder of the

first position note and deed of trust encumbering the 63rd Street Property, pursuant to 11 U.S.C. §1123(a)(5)(B). The Debtors shall no longer hold a legal, equitable, possessory, or any other interest in the 63rd Street Property. Any deficiency resulting from National City's Claim shall be treated in accordance with Class 3-A.

**VV.  Honda: Class 2-TT**

The Debtors entered into a Stipulation for Relief from the Automatic Stay with American Honda Finance Corporation ("Honda") related to the 2004 Honda Pilot, which was filed on the Court on June 23, 2009 and the Court entered an Order for relief on July 16, 2009, copies of Stipulation and Order are attached hereto as Exhibit "S". This Stipulation was intended to be and hereby is, incorporated into the Order Confirming Plan and controls the treatment of Honda under the Plan.

**WW.  USAA: Class 2-UU**

On October 27, 2010, USAA Federal Savings Bank ("USAA") filed an Amended Motion for Relief from the Automatic Stay regarding the 2002 BMW 7-Series. The order lifting the stay was signed by the Court on November 29, 2010. A copy of the Order is attached hereto as Exhibit "T". Any deficiency resulting from USAA's Claim shall be treated in accordance with Class 3-A.

**XX.  Effective Date**

The Effective Date is established as the first day of the first full month following entry of the Order Confirming the Plan.

**THE COURT HEREBY FINDS** as follows:

The Debtors' Plan, as modified herein, complies with the applicable provisions of the Bankruptcy Code.

**IT IS HEREBY ORDERED** as follows:

1.      The Debtors' First Plan of Reorganization a copy of which is attached as Exhibit U, as modified herein, shall be and hereby is confirmed by the Court.

2.      The Debtors are authorized and empowered to do all acts and execute any and all documents necessary to implement the Plan and the occurrence of the Effective Date.

3.     Any objections, if any, to confirmation of the Plan shall be, and hereby are, overruled and denied by the Court.

**DATED AND SIGNED ABOVE.**

**APPROVED AS TO FORM AND CONTENT:**

DENNIS K. BURKE
United States Attorney
District of Arizona

By:
Rachael K. Zepeda
Special Assistant U.S. Attorney
4041 N. Central Ave., Suite 112
M/S 2200PX
Phoenix, AZ 85012
Attorneys for Internal Revenue Service


OFFICE OF THE ATTORNEY GENERAL

By:
April Theis
Assistant Attorney General
1275 W. Washington Street
Phoenix, AZ 85007-2926
Attorney for Arizona Dept. of Revenue


GUST ROSENFELD P.L.C.

By
Madeleine C. Wanslee
201 E. Washington, Suite 800
Phoenix, AZ 85004-2327
Attorneys for Maricopa County Treasurer

S:\Weldon.G\2814701\Pleadings\OrdConfPlan-Clean.doc

21

3.   Any objections, if any, to confirmation of the Plan shall be, and hereby are, overruled and denied by the Court.

**DATED AND SIGNED ABOVE.**

**APPROVED AS TO FORM AND CONTENT:**

DENNIS K. BURKE
United States Attorney
District of Arizona

By:
Rachael A. Zepeda
Special Assistant U.S. Attorney
4041 N. Central Ave., Suite 112
M/S 2200PX
Phoenix, AZ 85012
Attorneys for Internal Revenue Service

OFFICE OF THE ATTORNEY GENERAL

By:_____
April Theis
Assistant Attorney General
1275 W. Washington Street
Phoenix, AZ 85007-2926
Attorney for Arizona Dept. of Revenue

GUST ROSENFELD P.L.C.

By Madeleine C. Wanslee
Madeleine C. Wanslee   1/6/2012
201 E. Washington, Suite 800
Phoenix, AZ 85004-2327
Attorneys for Maricopa County Treasurer

S:\Weldon.G2814701\Pleadings\OrdConfPlan-Clean.doc

21