Gregory and Nicole Weldon
Chapter 11 No. 2:08-bk-12336-SSC

Payments to Internal Revenue Service
Pursuant to Chapter 11 Plan of Reorganization

|           | 10/11-09/12 | 10/12-9/13 | 10/13-9/14 | 10/14-9/15 | 10/15-9/16 |            |
|-----------|-------------|------------|------------|------------|------------|------------|
| October   | $ 1,000.00  | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |            |
| November  | $ 1,000.00  | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |            |
| December  | $ 1,000.00  | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |            |
| January   | $ 1,000.00  | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |            |
| February  | $ 1,000.00  | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |            |
| March     | $ 1,000.00  | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |            |
| April     | $ 1,000.00  | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |            |
| May       | $ 1,000.00  | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |            |
| June      | $ 1,000.00  | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |            |
| July      | $ 1,000.00  | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |            |
| August    | $ 1,000.00  | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |            |
| September | $ 1,000.00  | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |            |
| Totals:   | $ 12,000.00 | $ 12,000.00| $ 12,000.00| $ 12,000.00| $ 12,000.00| $ 60,000.00|

Payments to Arizona Dept. of Revenue
Pursuant to Chapter 11 Plan of Reorganization

|           | 10/11-09/12 | 10/12-09/13 | 10/13-09/14 | 10/14-09/15 | 10/15-09/16 |            |
|-----------|-------------|-------------|-------------|-------------|-------------|------------|
| October   | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    |            |
| November  | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    |            |
| December  | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    |            |
| January   | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    |            |
| February  | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    |            |
| March     | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    |            |
| April     | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    |            |
| May       | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    |            |
| June      | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    |            |
| July      | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    |            |
| August    | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    |            |
| September | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    | $ 500.00    |            |
| Totals:   | $ 6,000.00  | $ 6,000.00  | $ 6,000.00  | $ 6,000.00  | $ 6,000.00  | $ 30,000.00|

EXHIBIT A

1 | DAVID E. McALLISTER (AZ BN 021551)
  | JOSEPHINE E. PIRANIO(AZ BN 020630)
2 | PITE DUNCAN, LLP
  | 4375 Jutland Drive, Suite 200
3 | P.O. Box 17933
  | San Diego, CA 92117-0933
4 | Telephone: (619) 590-1300
  | Facsimile: (619) 590-1385
5 | jsalmon@piteduncan.com

6 | Attorneys for GMAC MORTGAGE, LLC

7

8 | UNITED STATES BANKRUPTCY COURT

9 | DISTRICT OF ARIZONA

10 | In re                                    Case No. 2:08-bk-12336-SSC

11 | GREGORY LOUIS WELDON,                    Chapter 11
   | NICOLE ANN WELDON
12 |                                          STIPULATION TERMINATING
   |                                          AUTOMATIC STAY
   |         Debtor(s).
13 |                                          [No hearing scheduled]

14

15

16

17

18 |     GMAC MORTGAGE, LLC ("Creditor") and Debtors, GREGORY LOUIS WELDON and

19 | NICOLE ANN WELDON (hereinafter "Debtor"), by and through their respective attorneys of

20 | record, in the within matter, hereby agree to the following Stipulation Terminating the Automatic

21 | Stay regarding the Real Property commonly described as 2613 West Irvine Road, Phoenix, Arizona

22 | 85086 (hereinafter the "Real Property"), which is more fully described in the Deed of Trust. A true

23 | and correct copy of the Deed of Trust is attached hereto as exhibit A and incorporated herein by

24 | reference, and which is the subject of this Stipulation.

25 | /././

26 | /././

27 | /././

28 | /././

EXHIBIT B

3643266.wpd

IT IS HEREBY STIPULATED THAT:

1.     The automatic stay of 11 United States Code section 362 is hereby terminated , as it applies to the enforcement by Creditor of all of its rights in the Real Property under the Note and Deed of Trust;

2.     Creditor may offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors.  However, Creditor may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case;

3.     The 10-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived;

4.     Creditor is authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

5.     Post-petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

6.     Upon foreclosure, in the event Debtors  fail to vacate the Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law; and

7.     This Order shall remain binding and effective in any conversion of this case to another chapter under the bankruptcy code.

8.     In exchange for the foregoing, Creditor accepts the Debtor's Plan.

IT IS SO STIPULATED:

                                                    PITE DUNCAN, LLP

Dated: November 18, 2009            By:___/s/ JES 020630_____
                                                    JOSEPHINE E. PIRANIO
                                                    ATTORNEY FOR GMAC MORTGAGE, LLC


Dated: November 18, 2009            By:___/s/ CRC 025260_____
                                                    CHRISTOPHER R. CHICOINE
                                                    ATTORNEY FOR DEBTOR(S)

- 2 -

3643266.wpd

Case 2:08-bk-12336-SSC    Doc 320    Filed 11/18/09    Entered 11/18/09 12:11:43    Desc
Main Document    Page 2 of 2
Case 2:08-bk-12336-PS    Doc 561-1    Filed 08/10/12    Entered 08/13/12 06:58:18    Desc
- Chapter 11 Plan    Page 3 of 81



OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2005-0939643 07/07/05 16:55
44 OF 56
BLOCKNUMBERS

Recording Requested By:
MIT LENDING

Return To:
MIT LENDING

1350 DEMING WAY, 3RD FLOOR
MIDDLETON, WI 53562

Prepared By:

TRANSNATION TITLE INS. CO.

————————————[Space Above This Line For Recording Data]————————————

# DEED OF TRUST

LOAN NO.:
ESCROW NO.: 01419414 -121

MIN  100112065696577770
MERS Phone: 1-888-679-6377

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated        JUNE 23, 2005                      ,
together with all Riders to this document.

(B) "Borrower" is

GREG WELDON, A MARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY

Borrower is the trustor under this Security Instrument. Borrower's mailing address is
2613 WEST IRVINE ROAD, PHOENIX, AZ  85086-

(C) "Lender" is
MIT LENDING

Lender is a  CORPORATION
organized and existing under the laws of  NEW YORK

Initials ___

ARIZONA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS   Form 3003  1/01 (rev. 6/02)
VMP-6A(AZ) (0206)

Page 1 of 15          LENDER SUPPORT SYSTEMS INC. MERS6AAZ.NEW (05/04)

EXHIBIT A

Lender's mailing address is
33 MAIDEN LANE 6TH FLOOR, NEW YORK, NY 10038-
(D) "Trustee" is
TRANSNATION TITLE INSURANCE AGENCY
Trustee's mailing address is
1850 N. CENTRAL AVENUE, PHOENIX, AZ 85004-
(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary
under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated        JUNE 23, 2005
The Note states that Borrower owes Lender
FOUR HUNDRED ELEVEN THOUSAND EIGHT HUNDRED FIFTY AND NO/100 X X X X X X X

Dollars
(U.S. $ 411,850.00         ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than     JULY 01, 2035
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [XX] Adjustable Rate Rider | [ ] Condominium Rider | [ ] 1-4 Family Rider |
| [ ] Graduated Payment Rider | [ ] Planned Unit Development Rider | [ ] Biweekly Payment Rider |
| [ ] Balloon Rider | [ ] Rate Improvement Rider | [ ] Second Home Rider |

[XX] Other(s) [specify] PREPAYMENT RIDER
                INTEREST-ONLY ADDENDUM TO ADJUSTABLE RATE RIDER
                ADDENDUM TO ADJUSTABLE RATE RIDER


(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to

Initials

VMP-6A(AZ) (0206)                    Page 2 of 15                Form 3003  1/01  (rev. 6/02)

time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
COUNTY            of            MARICOPA            :
[Type of Recording Jurisdiction]        [Name of Recording Jurisdiction]

THE EAST HALF OF THE NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 25, TOWNSHIP 6 NORTH, RANGE 2 EAST, OF THE GILLA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONAL;

EXCEPT ALL MINERALS ON OR IN SAID LAND, AS SET FORTH IN THE PATENT OF SAID LAND.

Parcel ID Number: 203-33-028                          which currently has the address of
2613 WEST IRVINE ROAD                                          [Street]
PHOENIX              [City] , Arizona      85086-          [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Initials

VMP-6A(AZ) (0205)              Page 3 of 15              Form 3003  1/01 (rev. 6/02)

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, then the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

VMP-6A(AZ) (0206)          Page 7 of 15          Form 3003  1/01  (rev. 6/02)

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

Initials:

VMP-6A(AZ) (0206)                    Page 8 of 15                    Form 3003 1/01 (rev. 6/02)

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. **Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

Initials: _____

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

Initials

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall record a notice of sale in each county in which any part of the Property is located and shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. After the time required by Applicable Law and after publication and posting of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place designated in the notice of sale. Trustee may postpone sale of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it or to the county treasurer of the county in which the sale took place.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Substitute Trustee. Lender may, for any reason or cause, from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

25. Time of Essence. Time is of the essence in each covenant of this Security Instrument.

Initials

VMP-6A(AZ) (0205)                     Page 13 of 15                     Form 3003  1/01  (rev. 6/02)

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____
                                                    -Witness


_____
                                                    -Witness


_____ (Seal)          _____ (Seal)
GREG WELDON                    -Borrower                                      -Borrower


_____ (Seal)          _____ (Seal)
                               -Borrower                                      -Borrower


_____ (Seal)          _____ (Seal)
                               -Borrower                                      -Borrower


_____ (Seal)          _____ (Seal)
                               -Borrower                                      -Borrower


VMP-6A(AZ) (0206)                    Page 14 of 15              Form 3003  1/01  (rev. 6/02)

STATE OF ARIZONA          . Maricopa          County ss:

The foregoing instrument was acknowledged before me this 6ᵗʰ day of July , 2005   by
GREG WELDON

My Commission Expires: November 12, 2007


"OFFICIAL SEAL"
Pam M. Cagiano
Notary Public-Arizona
Maricopa County
My Commission Expires 11/12/2007

Pam M. Cagiano
Notary Public

Initials: _____ GW

# ADJUSTABLE RATE RIDER

(LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)
SEE "ADDENDUM TO ARM RIDER" ATTACHED HERETO AND MADE A PART HEREOF.
SEE "INTEREST-ONLY ADDENDUM TO ARM RIDER" ATTACHED HERETO AND MADE A PART HEREOF.
LOAN NO.:                                                                  MIN: 100112065696577770
                                                                  MERS Phone: 1-888-679-6377

THIS ADJUSTABLE RATE RIDER is made this    23rd   day of              JUNE, 2005       ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed
of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned ("Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to
MIT LENDING

("Lender") of the same date and covering the property described in the Security Instrument
and located at:

2613 WEST IRVINE ROAD, PHOENIX, AZ 85086-
[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME
AND THE MAXIMUM RATE BORROWER MUST PAY.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the
Security Instrument, Borrower and Lender further covenant and agree as follows:
A. INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial interest rate of         5.500        %. The Note provides
for changes in the interest rate and the monthly payments, as follows:
4. INTEREST RATE AND MONTHLY PAYMENT CHANGES
(A) Change Dates
The interest rate I will pay may change on the first day of           JULY, 2010         ,
and on that day every      6th       month thereafter. Each date on which my interest rate
could change is called a "Change Date."
(B) The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The
"Index" is the average of interbank offered rates for six month U.S. dollar-denominated
deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most
recent Index figure available as of the first business day of the month immediately preceding
the month in which the Change Date occurs is called the "Current Index."

Initials:

Form 3138 1/01

MULTISTATE ADJUSTABLE RATE RIDER - LIBOR SIX-MONTH INDEX (AS PUBLISHED IN
THE WALL STREET JOURNAL) - Single Family - Fannie Mae Uniform Instrument
VMP-838R (0402)                    Page 1 of 4         LENDER SUPPORT SYSTEMS INC. 838R NEW (07/04)

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO AND ONE QUARTER percentage points ( 2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 11.500 % or less than 2.250 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than TWO AND 000/1000THS percentage points ( 2.000 %) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than 11.500 % .

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

VMP-838R (0402)  Page 2 of 4  Form 3138 1/01

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Initials: _____

VMP-838R (0402)                    Page 3 of 4                    Form 3138 1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)       _____ (Seal)
GREG WELDON                     -Borrower                                      -Borrower

_____ (Seal)       _____ (Seal)
                                -Borrower                                      -Borrower

_____ (Seal)       _____ (Seal)
                                -Borrower                                      -Borrower

_____ (Seal)       _____ (Seal)
                                -Borrower                                      -Borrower

VMP-838R (0402)                 Page 4 of 4                    Form 3138 1/01

# PREPAYMENT RIDER
## (Multi-State)

MIN: 100112065696577770
MERS Phone: 1-888-679-6377

LOAN NO.:

This Prepayment Rider is made this 23rd day of JUNE, 2005 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to

MIT LENDING

(the "Lender") of the same date and covering the property described in the Security Instrument and located at
2613 WEST IRVINE ROAD, PHOENIX, AZ 85086-
(the "Property").

Additional Covenants. Notwithstanding anything to the contrary set forth in the Note or Security Instrument, Borrower and Lender further covenant and agree as follows:

Borrower has the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." A "full prepayment" is the prepayment of the entire unpaid principal due under the Note. A payment of only part of the unpaid principal is known as a "partial prepayment."

If, within the 36 month period beginning with the date Borrower executes the Note (the "Penalty Period"), Borrower makes a full prepayment, or partial prepayment in any TWELVE (12)-month period that exceeds 20 % of the original principal loan amount, Borrower will pay a prepayment charge as consideration for the Note Holder's acceptance of such prepayment. The prepayment charge will equal the amount of interest that would accrue during a SIX ( 6 ) month period on the amount prepaid that exceeds 20 % of the original principal balance of the Note, calculated at the rate of interest in effect under the terms of the Note at the time of the prepayment, unless otherwise prohibited by applicable law or regulation. No prepayment charge will be assessed for any prepayment occurring after the Penalty Period.

Notwithstanding the foregoing, in the event of a full prepayment concurrent with a bona fide sale of the Property to an unrelated third party after the first 0 months of the term of the Note, no prepayment penalty will be assessed. In that event, Borrower agrees to provide the Note Holder with evidence acceptable to the Note Holder of such sale.

60382 Multi-state Rider 11/99          Page 1 of 2          LENDER SUPPORT SYSTEMS INC. AURRDRXX.AUR (04/05)

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Prepayment Rider.

_____(Seal)                    _____(Seal)
GREG WELDON          -Borrower                                          -Borrower

_____(Seal)                    _____(Seal)
                     -Borrower                                          -Borrower

_____(Seal)                    _____(Seal)
                     -Borrower                                          -Borrower

_____(Seal)                    _____(Seal)
                     -Borrower                                          -Borrower

Page 2 of 2

# INTEREST-ONLY ADDENDUM
# TO ADJUSTABLE RATE RIDER

LOAN NO.: |

MIN: 100112065696577770
MERS Phone: 1-888-679-6377

PROPERTY ADDRESS: 2613 WEST IRVINE ROAD, PHOENIX, AZ 85086-

THIS ADDENDUM is made this   23rd   day of JUNE, 2005            , and is incorporated into and intended to form a part of the Adjustable Rate Rider (the "Rider") dated the same date as this Addendum executed by the undersigned and payable to
MIT LENDING

(the "Lender").

THIS ADDENDUM supersedes Section 4(C) of the Rider.  None of the other provisions of the Note are changed by this Addendum.

4.      INTEREST RATE AND MONTHLY PAYMENT CHANGES
        (C)     Calculation of Changes
                Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO  AND ONE QUARTER                      percentage point(s) ( 2.250    %) to the Current Index for such Change Date.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%).  Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

                During the Interest-Only Period, the Note Holder will then determine the amount of the monthly payment that would be sufficient to repay accrued interest.  This will be the amount of my monthly payment until the earlier of the next Change Date or the end of the Interest-Only Period unless I make a voluntary prepayment of principal during such period.  If I make a voluntary prepayment of principal during the Interest-Only Period, my payment amount for subsequent payments will be reduced to the amount necessary to pay interest at the then current interest rate on the lower principal balance.  At the end of the Interest-Only Period and on each Change Date thereafter, the Note Holder will determine the amount of the monthly payment that would be sufficient to repay in full the unpaid principal that I am expected to owe at the end of the Interest-Only Period or Change Date, as applicable, in equal monthly payments over the remaining term of the Note.  The result of this calculation will be the new amount of my monthly payment.  After the end of the Interest-Only Period, my payment will not be reduced due to voluntary prepayments.

Initials _____

Form 603F                      Page 1 of 2            LENDER SUPPORT SYSTEMS INC. AURIORDR.ADD (06/04)

_____ (Seal)      _____ (Seal)
GREG WELDON      -Borrower                                 -Borrower

_____ (Seal)      _____ (Seal)
                     -Borrower                                 -Borrower

_____ (Seal)      _____ (Seal)
                     -Borrower                                 -Borrower

_____ (Seal)      _____ (Seal)
                     -Borrower                                 -Borrower

Page 2 of 2

# ADDENDUM TO ADJUSTABLE RATE RIDER

MIN: 100112065696577770                                    LOAN NO.:
MERS Phone: 1-888-679-6377

This addendum is made        JUNE 23, 2005       and is incorporated into and deemed to amend and supplement the Adjustable Rate Rider of the same date.

The property covered by this addendum is described in the Security Instrument and located at:
2613 WEST IRVINE ROAD, PHOENIX, AZ 85086-

**AMENDED PROVISIONS**
In addition to the provisions and agreements made in the Security Instrument, I/we further covenant and agree as follows:

**ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   Limits on Interest Rate Changes
   The interest rate I am required to pay at the first Change Date will not be greater than     11.500    % or less than        2.250       %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than    TWO  AND  000/1000THS percentage point(s) ( 2.000 %) from the rate of interest I have been paying for the preceding six (6) months.  My interest rate will never be greater than        11.500       %. My interest rate will never be less than        2.250         %.

**TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

   Uniform Covenant 18 of the Security Instrument is amended to read as follows:

   Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

   If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

Initials

1202 LIBOR Addendum to Rider                    Page 1 of 2           LENDER SUPPORT SYSTEMS, INC. AURA1202.AUR (06/04)

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

In Witness Thereof, Trustor has executed this addendum.

Witness

_____

_____ (Seal)          _____ (Seal)
GREG WELDON                       -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                  -Borrower                                          -Borrower

1202 LIBOR Addendum to Rider                     Page 2 of 2

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.

Dated: December 14, 2009

_Smith/Kuen Curley_
SARAH S. CURLEY
U.S. Bankruptcy Judge

1 | DAVID E. McALLISTER (AZ BN 021593)
JOSEPHINE E. PIRANIO (AZ BN 020630)
2 | PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
3 | P.O. Box 17933
San Diego, CA 92177-0933
4 | Telephone: (858) 750-7600
Facsimile: (619) 590-1385
5 | jsalmon@piteduncan.com
Attorneys for GMAC MORTGAGE, LLC
6

7

8

9

UNITED STATES BANKRUPTCY COURT

10

DISTRICT OF ARIZONA - PHOENIX DIVISION

11

| 12 | In re | Case No. 2:08-BK-12336-SSC |
| 13 | GREGORY LOUIS WELDON AND NICOLE ANN WELDON, | Chapter 11 |
| 14 | Debtor(s). | ORDER ON STIPULATION TERMINATING THE AUTOMATIC STAY |
| 15 | | |
| 16 | GMAC MORTGAGE, LLC, | |
| 17 | Movant, | |
| 18 | vs. | |
| 19 | GREGORY LOUIS WELDON AND NICOLE ANN WELDON, Debtor(s), | |
| 20 | | |
| 21 | Respondents. | |

22   The parties having agreed to the terms set forth in the Stipulation Terminating the Automatic

23 | Stay are bound by the terms of their stipulation, which shall be the Order of this Court.

24

25 | DATED:_____     _____

26 |                                                   JUDGE, UNITED STATES BANKRUPTCY
COURT
27

28

- 1 -

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.



Dated: December 08, 2008

Sarah/Nancley

SARAH S. CURLEY
U.S. Bankruptcy Judge

1   Paul M. Levine  (007202)
2   Matthew A Silverman  (018919)
    **McCarthy ◆ Holthus ◆ Levine**
3   3636 North Central Avenue
    Suite 1050
4   Phoenix, AZ 85012
    (602) 230-8726
5

6   Attorneys for Movant,
    IndyMac Federal Bank FSB, its assignees and/or successors
7

8           UNITED STATES BANKRUPTCY COURT

9             FOR THE DISTRICT OF ARIZONA

10               PHOENIX DIVISION

11

12   In re:                 )  In Proceedings Under
13                     )  Chapter 11
    Gregory Louis Weldon,     )
14   Nicole Ann Weldon,       )  Case No. 08-12336-SSC
                    )
15                     )
          Debtors.     )
16                     )  **ORDER TERMINATING**
  ——————————————————   **AUTOMATIC STAY**
17   IndyMac Federal Bank FSB, its successors
    and/or assigns,
18
19           Movant,

20     v.

21   Gregory Louis Weldon, Nicole Ann Weldon,
    Debtors;
22
23           Respondents.

24

25

26       IndyMac Federal Bank FSB, its assignees and/or successors, having filed a Motion for

27   Relief from the Automatic Stay with respect to the hereinafter-described property after

28   appropriate notice and opportunity for a hearing, no party in interest having objected to such

29   relief, the Respondents having failed to plead or otherwise defend, and good cause appearing,

File No. AZ08-37059           1              Case No. 08-12336-SSC
                                              Order Terminating Automatic Stay



**IT IS THEREFORE ORDERED** that:

Any and all stays against lien enforcement, including the automatic stay of 11 U.S.C. § 362(a) and the automatic injunction of 11 U.S.C. § 524(a), are hereby vacated with respect to the property generally described as 2446 West White Feather Lane, Phoenix AZ 85085, and Movant, its assignees and/or successors in interest, may proceed with a foreclosure of and hold a Trustee's sale of the subject property pursuant to the state law, and thereafter commence any action necessary to obtain complete possession of the subject property without further court order or proceeding being necessary.

**IT IS FURTHER ORDERED** that:

The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

DATED:

_____
UNITED STATES BANKRUPTCY JUDGE

File No. AZ08-37059                    2                    Case No. 08-12336-SSC
                                              Order Terminating Automatic Stay
Case 2:08-bk-12336-SSC    Doc 87    Filed 12/08/08    Entered 12/09/08 07:42:57    Desc
              Main Document    Page 2 of 2

Case 2:08-bk-12336-PS    Doc 561-1    Filed 08/10/12    Entered 08/13/12 06:58:18    Desc
              - Chapter 11 Plan    Page 31 of 81

1

**MAXWELL & MORGAN, P.C.**
FAIRWAYS AT SUPERSTITION SPRINGS
2500 S. POWER ROAD, SUITE 103
MESA, ARIZONA 85209
TELEPHONE: (480) 833-1001
FAX: (480) 969-8267
EMAIL: MAIL@HOALAW.BIZ

2

3

4

5  CHARLES E. MAXWELL - STATE BAR NO. 009763
   BRIAN W. MORGAN - STATE BAR NO. 019913
6  *Attorneys for Movant*

7

8           IN THE UNITED STATES BANKRUPTCY COURT

9              FOR THE DISTRICT OF ARIZONA

10 | In re:                                    | Chapter 11 Proceedings
11 | GREGORY LOUIS WELDON and NICOLE           | No. 2-08-bk-12336-SSC
   | ANN WELDON,                               |
12 |                          Debtors.         | STIPULATED ORDER FOR
   |                                           | ADMINISTRATIVE EXPENSE
13

14 | DYNAMITE MOUNTAIN HOMEOWNERS
   | ASSOCIATION, an Arizona nonprofit
15 | corporation,
16 |                          Movant,
   | vs.
17 | GREGORY LOUIS WELDON and NICOLE
   | ANN WELDON, Debtors; US Trustee,
18 | Trustee,
19 |                          Respondents.

20     The Parties, by and through counsel undersigned, hereby stipulate as follows:

21     Movant, Dynamite Mountain Homeowners Association ("Association") is entitled to an

22 administrative claim for post-petition, pre-foreclosure assessments. The Parties believe this amount to

23 be $10,738.71, which is subject to change upon sufficient proof this amount is inaccurate.

24     In order to facilitate plan confirmation and to allow Debtors to feasibly complete the Plan, the

25 Association has agreed to accept payment of the administrative claim over the course of twelve (12)

26 equal monthly installments, the first of which is due upon the Effective Date of the Plan confirmation

27 with the subsequent payments to be made thereafter on a monthly basis. This Stipulation shall be

28 incorporated into Debtors' Plan and will represent Movant's treatment under the same; Movant agrees

EXHIBIT D

| | |
|---|---|
| 1 | to accept said treatment. Debtor agrees that in the event payments are not submitted in accordance with |
| 2 | the terms hereof, the Association shall be entitled to seek relief through the Bankruptcy Court for |
| 3 | payment of the full administrative expense, minus any payments previously submitted by Debtors which |
| 4 | shall not be paid prior to the Effective Date of the Plan. Prior to taking said action, the Association shall |
| 5 | provide written notice to the Debtors and 15 days by which to cure the default described in the notice. |
| 6 | The Association shall also be entitled to recover any reasonable additional attorney fees and costs |
| 7 | incurred by the Association as a result of any breach of this Stipulation. The Parties acknowledge that |
| 8 | the Association has agreed to waive $3,425.19 in late charges and interest. In the event Debtors breach |
| 9 | their obligations set forth in this Stipulation, the Association shall be entitled to collect the $3,425.19 |
| 10 | in late charges and interest previously waived to facilitate settlement. Debtors further acknowledge that |
| 11 | all post-petition pre-foreclosure assessments are non-dischargeable in this bankruptcy proceeding only, |
| 12 | without prejudice to the Debtors' rights to discharge any and all amounts referenced herein in a |
| 13 | subsequent bankruptcy proceeding. |
| 14 | In light of the foregoing, the hearing scheduled for August 2, 2011 is hereby vacated. |
| 15 | DATED this 2nd day of August, 2011. |
| 16 | |
| 17 | |
| 18 | THE HONORABLE SARAH S. CURLEY |
| 19 | **MAXWELL & MORGAN, P.C.**      **AIKEN SCHENK HAWKINS & RICCIARDI, PC** |
| 20 | |
| 21 | By /s/ Brian W. Morgan          By  /s/ Christopher R. Chicoine |
| 22 | Brian W. Morgan, Esq.             Christopher R. Chicoine, Esq.<br>2500 South Power Road, Suite 103    4742 North 24th Street, Suite 100 |
| 23 | Mesa, Arizona 85209              Phoenix, Arizona 85016<br>Attorneys for Creditor           Attorneys for Debtors |
| 24 | |
| 25 | \\Maxlaw\company\TMFILES\Dynamite Mountain Ranch\Weldon, Greg & Nicole (436) adv. Dynamite Mountain Ranch\PLDG\Stipulation to MAE (final)110803.WPD |
| 26 | |
| 27 | |
| 28 | 2 |

Case 2:08-bk-12336-SSC   Doc 479   Filed 08/19/11   Entered 08/19/11 15:36:46   Desc
Main Document - Application for Administrative Expenses   Page 2 of 2

Case 2:08-bk-12336-PS   Doc 561-1   Filed 08/10/12   Entered 08/13/12 06:58:18   Desc
- Chapter 11 Plan   Page 33 of 81

**AIKEN SCHENK HAWKINS & RICCIARDI P.C.**
4742 North 24th Street Suite 100
Phoenix, Arizona 85016-4859
Telephone: (602) 248-8203
Facsimile: (602) 248-8840
D. Lamar Hawkins – 013251
Email: dlh@ashrlaw.com
Attorneys for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| GREGORY LOUIS WELDON and NICOLE ANN WELDON, | Case No. 2:08-bk-12336-SSC |
| Debtors. | **STIPULATION FOR ADEQUATE PROTECTION** |
| Address:  P.O. Box 12696 | |
| Scottsdale, AZ  85086 | |
| Social Security Nos.: xxx-xx-8799 | |
| xxx-xx-0152 | |

IT IS HEREBY STIPULATED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated effective immediately with respect to the real property which is the subject of the Deed of Trust recorded August 1, 2006, at Recorders No. 2006-1026676, in the records of the Maricopa County, Arizona Recorder's Office, wherein Gary Louis Weldon and Nicole Ann Weldon, are designated as trustors and Wells Fargo Bank, N.A. is the beneficiary/successor beneficiary, which Deed of Trust encumbers the following described real property:

Physical address of 150 N. Lakeview Blvd Lot 24 Chandler, AZ 85226

Lot 24, TUSCAN SPRINGS, according to Book 662 of Maps, Page 31, Records of Maricopa County, Arizona.

EXHIBIT E

IT IS FURTHER STIPULATED that Movant is now permitted, in its discretion to commence or conduct a Trustee's Sale, commence judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER STIPULATED that an Order Lifting Stay will remain in full force and effect in any bankruptcy chapter to which the Debtor may convert.

IT IS FURTHER STIPULATED that any hearing scheduled in the matter are vacated.

IT IS FURTHER STIPULATED that the Debtors have filed a Chapter 11 Plan (the "Plan"). The Plan shall incorporate the terms and condition of this Stipulation and, accordingly, the treatment afforded to Movant herein shall also constitute the treatment of its claim under the Plan.

IT IS FURTHER STIPULATED that Movant's agreement herein shall also constitute its acceptance of the Plan.


DATED this 1st day of October, 2009.

AIKEN SCHENK HAWKINS & RICCIARDI P.C.


By_____CRC 25260_____
    D. Lamar Hawkins
    Chris Chicoine
    4742 North 24th St., Suite 100
    Phoenix, Arizona 85016
    Attorneys for Debtors

TIFFANY & BOSCO, P.A.

By_____
Mark S. Bosco
Leonard J. McDonald
Attorneys for Movant

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.

Dated: October 14, 2009

_Sarah Sharon Curley_
SARAH S. CURLEY
U.S. Bankruptcy Judge

TIFFANY & BOSCO
——————— P.A. ———————

2525 EAST CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-62663

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:08-bk-12336-SSC |
| Gary Louis Weldon and Nicole Ann Weldon<br>Debtors. | Chapter 11 |
| | ORDER |
| Wells Fargo Bank, N.A.<br>Movant, | |
| vs. | (Related to Docket #308) |
| Gary Louis Weldon and Nicole Ann Weldon,<br>Debtors, Office of the US Trustee, Trustee. | |
| Respondents. | |

Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed

Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any,

and no objection having been received, and good cause appearing therefor,

IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated with respect to that certain real property which is the

subject of a Deed of Trust dated July 21, 2006 and recorded in the office of the Maricopa County

Recorder's Office wherein Wells Fargo Bank, N.A. is the current beneficiary, further described as:

      Lot 24, TUSCAN SPRINGS, according to Book 662 of Maps, Page 31, Records of Maricopa County, Arizona.

      IT IS FURTHER ORDERED that Movant may contact the Debtors by telephone or written

correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance

Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement

with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against

Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter

to which the Debtors may convert.

      DATED this ____day of _____, 2009.


               _____
               JUDGE OF THE U.S. BANKRUPTCY COURT

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.



Dated: January 09, 2009

_Sarah/ShareCurley_
SARAH S. CURLEY
U.S. Bankruptcy Judge

Paul M. Levine  (007202)
Matthew A. Silverman (018919)
**McCarthy ♦ Holthus ♦ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ  85012
(602) 230-8726

Attorneys for Movant,
U.S. Bank National Association as trustee on behalf of the certificate insurer and holders of
Home Equity Mortgage Trust Series 2007-2 Home Equity Mortgage Pass-Through Certificates
Series 2007-2, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re: | In Proceedings Under |
| Gregory Louis Weldon,<br>Nicole Ann Weldon, | Chapter 11 |
| | Case No. 2:08-bk-12336-SSC |
| Debtors. | |
| U.S. Bank National Association as trustee on<br>behalf of the certificate insurer and holders of<br>Home Equity Mortgage Trust Series 2007-2<br>Home Equity Mortgage Pass-Through<br>Certificates Series 2007-2, its assignees and/or<br>successors | **ORDER TERMINATING<br>AUTOMATIC STAY** |
| Movant, | |
| v. | |
| Gregory Louis Weldon, Nicole Ann Weldon,<br>Debtors; | |
| Respondents. | |

GRANTED

1
SSC

File No. AZ08-39103 Case No. 2:08-bk-12336-

Order Terminating Automatic Stay

EXHIBIT 1



U.S. Bank National Association as trustee on behalf of the certificate insurer and holders of Home Equity Mortgage Trust Series 2007-2 Home Equity Mortgage Pass-Through Certificates Series 2007-2, its assignees and/or successors, and its servicing agent Select Portfolio Servicing, Inc., "Movant", having filed a Motion for Relief from the Automatic Stay with respect to the hereinafter-described property after appropriate notice and opportunity for a hearing, no party in interest having objected to such relief, the Respondents having failed to plead or otherwise defend, and good cause appearing,

**IT IS THEREFORE ORDERED** that:

Any and all stays against lien enforcement, including the automatic stay of 11 U.S.C. § 362(a) and the automatic injunction of 11 U.S.C. § 524(a), are hereby vacated with respect to the property generally described as 150 North Lakeview Blvd Lot 24, Chandler, AZ 85225, and Movant, its assignees and/or successors in interest, may proceed with a foreclosure of and hold a Trustee's sale of the subject property pursuant to the state law, and thereafter commence any action necessary to obtain complete possession of the subject property without further court order or proceeding being necessary.

**IT IS FURTHER ORDERED** that:

The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

DATED:

_____
UNITED STATES BANKRUPTCY JUDGE

2
File No. AZ08-39103 Case No. 2:08-bk-12336-SSC

Order Terminating Automatic Stay

Case 2:08-bk-12336-SSC    Doc 111    Filed 01/09/09    Entered 01/12/09 08:02:54    Desc
Main Document    Page 2 of 2

Case 2:08-bk-12336-PS    Doc 561-1    Filed 08/10/12    Entered 08/13/12 06:58:18    Desc
- Chapter 11 Plan    Page 40 of 81

Paul M. Levine (007202)
Matthew A. Silverman (018919)
**McCarthy ♦ Holthus ♦ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Telephone: (602) 230-8726

Attorney for Movant,
Aurora Loan Services, LLC, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re: | Case No. 08-12336-SSC |
| Gregory Louis Weldon, Nicole Ann Weldon, | |
| Debtor(s). | Chapter 11 |
| Aurora Loan Services, LLC, its successors and/or assigns, | **STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY** |
| Movant, | |
| vs | |
| Gregory Louis Weldon, Nicole Ann Weldon Debtor(s); and , Chapter 13 Trustee, | |
| Respondents | |

Movant, Aurora Loan Services, LLC, its assignees and/or successors, ("Movant"), and the Debtor(s), Gregory Louis Weldon and Nicole Ann Weldon ("Debtors"), by and through their respective attorneys of record STIPULATE as follows:

1  This Stipulation affects the real property commonly known as: 8651 East Royal Palm Unit No C125, Scottsdale, AZ 85258.

1

File No. AZ09-3600
Adequate Protection Stipulation, Case No  08-12336-SSC

EXHIBIT G

**IT IS THEREFORE STIPULATED** that:

Any and all stays against lien enforcement, including the automatic stay of 11 U.S.C. § 362(a) and the automatic injunction of 11 U.S.C. § 524(a), are hereby vacated with respect to the property generally described as 8651 East Royal Palm Unit No. C125, Scottsdale, AZ 85258, and Movant, its assignees and/or successors in interest, may proceed with a foreclosure of and hold a Trustee's sale of the subject property pursuant to the state law, and thereafter commence any action necessary to obtain complete possession of the subject property without further court order or proceeding being necessary.

IT IS SO STIPULATED:

Dated: 6/23/09

McCarthy ♦ Holthus ♦ Levine

Matthew Silverman, Esq.
Attorney for Movant

Dated: 6/23/09

D. Lamar Hawkins, Esq
Attorney for Debtor(s)               Chris Chicoine /s/

File No. AZ09-2600
Adequate Protection Stipulation. Case No. 08-12336-SSC

**IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.**



**Dated: July 07, 2009**

1  Paul M. Levine (007202)
   Matthew A. Silverman (018919)
2  **McCarthy ◆ Holthus ◆ Levine**
   3636 North Central Avenue
3  Suite 1050
   Phoenix, AZ 85012
4  Telephone: (602) 230-8726

_____
                                SARAH S. CURLEY
                                U.S. Bankruptcy Judge

5  Attorney for Movant,
   Aurora Loan Services, LLC, its assignees and/or successors

6

7              UNITED STATES BANKRUPTCY COURT

8          DISTRICT OF ARIZONA - PHOENIX DIVISION

9   In re:                              )   Case No. 08-12336-SSC
                                        )
10                                      )
    Gregory Louis Weldon, Nicole Ann Weldon )
11                                      )   Chapter  11
                                        )
12       Debtor(s).                     )
                                        )
13  _____)
    Aurora Loan Services, LLC, its successors )
14  and/or assigns,                     )
                                        )
15       Movant,                        )   **ORDER ON STIPULATION FOR**
                                        )   **RELIEF FROM THE AUTOMATIC**
16  vs.                                 )   **STAY**
                                        )
17                                      )
    Gregory Louis Weldon, Nicole Ann Weldon, )
18  Debtor(s); and , Chapter 13 Trustee, )
                                        )
19       Respondents.                   )
                                        )
20                                      )
                                        )
21                                      )
                                        )
22  _____)

23        The parties having agreed to the terms set forth in the Stipulation for Relief, attached

24  hereto as Exhibit "A", are bound by the terms of their stipulation which shall be the Order of this

25  Court.

26

27        IT IS SO ORDERED:

28  Dated: _____        By: _____
                                          Honorable Sarah S. Curley
29                                        United States Bankruptcy Court Judge

                                                    File No. AZ09-2600
                                            Proof of Service, Case No.  08-12336-SSC
                                    1

```
 1   Paul M. Levine (007202)
     Matthew A. Silverman (018919)
 2   McCarthy ◆ Holthus ◆ Levine
     3636 North Central Avenue
 3   Suite 1050
     Phoenix, AZ 85012
 4   Telephone: (602) 230-8726

 5   Attorney for Movant,
     Aurora Loan Services, LLC, its assignees and/or successors
 6

 7

 8                    UNITED STATES BANKRUPTCY COURT

 9                         DISTRICT OF ARIZONA

10                          PHOENIX DIVISION

11
     In re:                          )   Case No. 08-12336-SSC
12                                   )
13   Gregory Louis Weldon,           )
     Nicole Ann Weldon,              )
14                                   )
                                     )   Chapter  11
15        Debtor(s).                 )
                                     )
16   Aurora Loan Services, LLC, its  )
     successors                      )
17   and/or assigns,                 )   STIPULATION FOR RELIEF FROM
                                     )   THE AUTOMATIC STAY
18        Movant,                    )
                                     )
19   vs                              )
                                     )
20                                   )
     Gregory Louis Weldon, Nicole Ann Weldon )
21   Debtor(s); and , Chapter 13 Trustee,  )
                                     )
22        Respondents                )
                                     )
23                                   )
                                     )
24                                   )
```

Movant, Aurora Loan Services, LLC, its assignees and/or successors, ("Movant"), and the Debtor(s), Gregory Louis Weldon and Nicole Ann Weldon ("Debtors"), by and through their respective attorneys of record STIPULATE as follows:

    1   This Stipulation affects the real property commonly known as:  8651 East Royal Palm Unit No C125, Scottsdale, AZ 85258.

1

1    **IT IS THEREFORE STIPULATED** that:

2        Any and all stays against lien enforcement, including the automatic stay of 11 U.S.C. §
3    362(a) and the automatic injunction of 11 U.S.C. § 524(a), are hereby vacated with respect to the
4    property generally described as 8651 East Royal Palm Unit No. C125, Scottsdale, AZ 85258, and
5    Movant, its assignees and/or successors in interest, may proceed with a foreclosure of and hold a
6    Trustee's sale of the subject property pursuant to the state law, and thereafter commence any
7    action necessary to obtain complete possession of the subject property without further court
8    order or proceeding being necessary

9        IT IS SO STIPULATED:

10

11                                          McCarthy ◆ Holthus ◆ Levine

12

13   Dated: 6/23/09

14                                          _____
                                            Matthew Silverman, Esq.
15                                          Attorney for Movant

16   Dated: 6/23/09

17                                          _____
                                            D. Lamar Hawkins, Esq    Chris Chicone, Esq
                                            Attorney for Debtor(s)

18

19

20

21

22

23

24

25

26

27

28

29

                                            2
                            Adequate Protection Stipulation. Case No. 08-12336-SSC

                                            File No. AZ09-2600

Case 2:08-bk-12336-SSC    Doc 265    Filed 07/07/09    Entered 07/08/09 07:26:37    Desc
                Main Document    Page 3 of 3

Case 2:08-bk-12336-PS    Doc 561-1    Filed 08/10/12    Entered 08/13/12 06:58:18    Desc
                - Chapter 11 Plan    Page 45 of 81

**AIKEN SCHENK HAWKINS & RICCIARDI P.C.**
4742 North 24th Street Suite 100
Phoenix, Arizona 85016-4859
Telephone: (602) 248-8203
Facsimile: (602) 248-8840
D. Lamar Hawkins – 013251
Email: dlh@ashrlaw.com
Attorneys for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>GREGORY LOUIS WELDON and NICOLE ANN WELDON,<br><br>                Debtors.<br><br>Address:  P.O. Box 12696<br>                  Scottsdale, AZ 85086<br><br>Social Security Nos.: xxx-xx-8799<br>                         xxx-xx-0152 | Chapter 11 Proceedings<br><br>Case No. 2:08-bk-12336-SSC<br><br>**STIPULATION FOR ADEQUATE PROTECTION** |

IT IS HEREBY STIPULATED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated effective immediately with respect to the real property which is the subject of the Deed of Trust recorded May 31, 2005, at Recorders No. 20050724191, in the records of the Maricopa County, Arizona Recorder's Office, wherein Gregory Louis Weldon and Nicole Ann Weldon, are designated as trustors and National City Mortgage Co. ("Movant" or "National City") is the beneficiary/successor beneficiary, which Deed of Trust encumbers the following described real property:

Physical Address: 1915 S. 39th St. 113 Mesa, AZ 85206

Lot 113, VISTA VILLAGES, according to Book 280 of Maps, page 39, records of Maricopa County, Arizona.

EXHIBIT A

1    IT IS FURTHER STIPULATED that Movant is now permitted, in its discretion to

2  commence or conduct a Trustee's Sale, commence judicial foreclosure, or take whatever other

3  actions necessary to protect their interest in the above legally described property.

4    IT IS FURTHER STIPULATED that an Order Lifting Stay will remain in full force and

5  effect in any bankruptcy chapter to which the Debtor may convert.

6    IT IS FURTHER STIPULATED that any hearing scheduled in the matter are vacated.

7

8    IT IS FURTHER STIPULATED that the Debtor has filed a Chapter 11 Plan (the "Plan").

9  The Plan shall incorporate the terms and condition of this Stipulation and, accordingly, the treatment

10  afforded to Movant herein shall also constitute the treatment of its claim under the Plan.

11    IT IS FURTHER STIPULATED that Movant's agreement herein shall also constitute its

12  acceptance of the Plan.

13

14    IT IS FURTHER STIPULATED that Movant hereby withdraws its objection to the

15  confirmation of the Debtor's Plan located at docket 293.

16  DATED this 1st day of October, 2009.

17                                    AIKEN SCHENK HAWKINS & RICCIARDI P.C.

18

19                              By_____CRC 25260_____
                                       D. Lamar Hawkins
20                                     Chris Chicoine
                                       4742 North 24th St., Suite 100
21                                     Phoenix, Arizona 85016
                                       Attorneys for Debtors
22  TIFFANY & BOSCO, P.A.

23  By_____
    Mark S. Bosco
24  Leonard J. McDonald
    Attorneys for Movant
25

26

27

28

C:\Documents and Settings\ljm\Local Settings\Temporary Internet Files\Content.Outlook\87XLAX9R\39th Street Stip.doc

2

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.



1  **AIKEN SCHENK HAWKINS & RICCIARDI P.C.**
   4742 North 24ᵗʰ Street Suite 100
2  Phoenix, Arizona 85016-4859          **Dated: October 14, 2009**
   Telephone: (602) 248-8203
3  Facsimile: (602) 248-8840
   D. Lamar Hawkins – 013251
4  Email: dlh@ashrlaw.com
   **Attorneys for Debtors**
5                                        _Sarah/Sharon Curley_
                                         **SARAH S. CURLEY**
                                         **U.S. Bankruptcy Judge**
6
                  **IN THE UNITED STATES BANKRUPTCY COURT**
7
                      **FOR THE DISTRICT OF ARIZONA**
8
   In re:                              | Chapter 11 Proceedings
9
   GREGORY LOUIS WELDON and NICOLE     | Case No. 2:08-bk-12336-SSC
10 ANN WELDON,
                                        | **ORDER GRANTING STIPULATION FOR**
11              Debtors.                | **ADEQUATE PROTECTION**
12 Address:   P.O. Box 12696
                        Scottsdale, AZ 85086
13
   Social Security Nos.:  xxx-xx-8799
14                        xxx-xx-0152
15
16    This matter having come before the court on a motion for relief from the automatic stay;
17    The parties having resolved the Motion by Stipulation;
18    The Court having reviewed the Stipulation;
19    And for other good cause appearing therefor:
20
21    **IT IS HEREBY ORDERED** that the Stipulation filed simultaneously herewith is granted
22 pursuant to the terms and conditions of the same.
23    **IT IS FURTHER ORDERED** that any hearing on the Motion is vacated.
24                            **DATED AND SIGNED ABOVE**
25
26
27
28

| | |
|---|---|
| 1 | DAVID E. McALLISTER (AZ BN 021551)<br>JOSEPHINE E. PIRANIO (AZ BN 020630) |
| 2 | PITE DUNCAN, LLP<br>4375 Jutland Drive, Suite 200 |
| 3 | P.O. Box 17933<br>San Diego, CA 92177-0933 |
| 4 | Telephone: (858) 750-7600<br>Facsimile: (619) 590-1385 |
| 5 | jsalmon@piteduncan.com |

**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

**Dated: March 10, 2009**

_____
**SARAH S. CURLEY**
**U.S. Bankruptcy Judge**

6

7  Attorneys for MIT LENDING, its successors and/or assigns

8                     UNITED STATES BANKRUPTCY COURT

9                 DISTRICT OF ARIZONA - PHOENIX DIVISION

| | | |
|---|---|---|
| 10 | In re | Case No. 2:08-BK-12336-SSC |
| 11 | GREGORY LOUIS WELDON AND NICOLE ANN WELDON, | Chapter 11 |
| 12 | | ORDER FOR RELIEF |
| 13 | Debtor(s). | |
| 14 | MIT LENDING, its successors and/or assigns, | |
| 15 | Movant, | |
| 16 | v. | |
| 17 | GREGORY LOUIS WELDON AND NICOLE ANN WELDON, Debtor(s); | |
| 18 | | |
| 19 | Respondents. | |
| 20 | | |

21      Movant's Motion for Relief from the Automatic Stay and Notice along with the form of

22  proposed Order Lifting Stay having been duly served upon Respondent, Respondent's counsel,

23  and the Trustee, and no objection having been received, and good cause appearing therefor,

24      IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

25      1.    The automatic stay of 11 United States Code section 362 is hereby immediately

26  terminated as it applies to the enforcement by Movant of all of its rights in the real property

27  under the Note and Deed of Trust commonly known as 4327 North 28th Street #108, Phoenix,

28  Arizona 85016 ("Real Property"), which is legally described as:

-1-



UNIT 108, THE MEWS ON 28TH STREET, ACCORDING TO DECLARATION OF HORIZONTAL PROPERTY REGIME RECORDED IN DOCUMENT NUMBER 85-140072, AND PLAT RECORDED IN BOOK 256 OF MAPS, PAGE 32, RECORDS OF MARICOPA COUNTY, ARIZONA;

TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS AS SET FORTH IN SAID DECLARATION AND PLAT AND ANNEXATIONS THERETO.

2.      Movant is authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

3.      Post-petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

4.      Upon foreclosure, in the event Debtors fail to vacate the Property, Movant may proceed in State Court for forcible detainer pursuant to applicable state law;

5.      Movant may offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case;

6.      This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and

7.      Counsel for Movant is to serve a copy of this Order immediately upon Debtors, Debtors' counsel, the Trustee, and all other interested parties entitled to Notice of Motion.

DATED this _____ day of _____, 2009.


_____
UNITED STATES BANKRUPTCY JUDGE

-2-

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.

Dated: January 23, 2009

_Sarah /Sharon Curley_
**SARAH S. CURLEY**
**U.S. Bankruptcy Judge**

1  DAVID E. McALLISTER (AZ BN 021516)
   JOSEPHINE E. PIRANIO (AZ BN 020630)
2  PITE DUNCAN, LLP
   4375 Jutland Drive, Suite 200
3  P.O. Box 17933
   San Diego, CA 92177-0933
4  Telephone: (858)750-7600
   Facsimile: (619) 590-1385
5  jsalmon@piteduncan.com

6  Attorneys for FIRST MAGNUS FINANCIAL CORPORATION, its successors and/or assigns

7

8

9                    UNITED STATES BANKRUPTCY COURT

10                DISTRICT OF ARIZONA - PHOENIX DIVISION

11  In re                              Case No. 2:08-BK-12336-SSC

12  GREGORY LOUIS WELDON AND NICOLE     Chapter 11
    ANN WELDON,
13                                      ORDER FOR RELIEF
        Debtor(s).
14

15  FIRST MAGNUS FINANCIAL
    CORPORATION, its successors and/or
16  assigns,

17          Movant,

18      v.

19  GREGORY LOUIS WELDON AND NICOLE
    ANN WELDON, Debtor(s);
20

21          Respondents.

22

23      Movant's Motion for Relief from the Automatic Stay and Notice along with the form of

24  proposed Order Lifting Stay having been duly served upon Respondent, Respondent's counsel,

25  and the Trustee, and no objection having been received, and good cause appearing therefor,

26      IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

27      1.      The automatic stay of 11 United States Code section 362 is hereby immediately

28  terminated as it applies to the enforcement by Movant of all of its rights in the real property

-1-

1  under the Note and Deed of Trust commonly known as 3304 East Blackhawk Drive, Phoenix,

2  Arizona 85050 ("Real Property"), which is legally described as:

3          LOT 86 SPRINGFIELD PARK, ACCORDING TO BOOK 405
        OF MAPS, PAGE 23, RECORDS OF MARICOPA COUNTY,
4          ARIZONA.

5          2.      Movant is authorized to foreclose its security interest in the Real Property under

6  the terms of the Note and Deed of Trust, and pursuant to applicable state law;

7          3.      Post-petition attorneys' fees and costs for the within motion may be added to the

8  outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

9          4.      Upon foreclosure, in the event Debtors fail to vacate the Property, Movant may

10  proceed in State Court for forcible detainer pursuant to applicable state law;

11          5.      If the Trustee is making payments to Movant, the Trustee shall cease making such

12  payments at the next regular disbursement following service of this Order;

13          6.      Movant may offer and provide Debtors with information re: a potential

14  Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss

15  Mitigation Agreement, and may enter into such agreement with Debtors.  However, Movant may

16  not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal

17  liability is discharged in this bankruptcy case;

18          7.      This Order shall be binding and effective despite any conversion of this

19  bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and

20          8.      Counsel for Movant is to serve a copy of this Order immediately upon Debtors,

21  Debtors' counsel, the Trustee, and all other interested parties entitled to Notice of Motion.

22          DATED this _____ day of _____, 2009.

23

24

25                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE
26

27

28

-2-

```
 1   Paul M. Levine (007202)
     Matthew A. Silverman (018919)
 2   McCarthy ◆ Holthus ◆ Levine
     3636 North Central Avenue
 3   Suite 1050
     Phoenix, AZ 85012
 4   Telephone: (602) 230-8726

 5   Attorney for Movant,
     JP Morgan Chase Bank, National Association as Trustee of Bear Stearns Asset, its assignees
 6   and/or successors

 7

 8                    UNITED STATES BANKRUPTCY COURT

 9                        DISTRICT OF ARIZONA

10                         PHOENIX DIVISION

11

12   In re:                              )   Case No. 2:08-bk-12336-SSC
                                         )
13   Gregory Luis Weldon,                )
     Nicole Ann Weldon,                  )
14                                       )   Chapter 11
                                         )
15              Debtor(s)                )
                                         )
16                                       )
                                         )   STIPULATION TERMINATING
17                                       )   AUTOMATIC STAY
                                         )
18                                       )
                                         )
19                                       )
                                         )
20                                       )
                                         )
21                                       )
                                         )
22                                       )
                                         )
23                                       )
                                         )
24                                       )

25          Movant, JP Morgan Chase Bank, National Association as Trustee of Bear Stearns Asset

26   Backed Securities I LLC, Bear Stearns ALT-A Trust, Mortgage Pass-through Certificates, its

27   assignees and/or successors, and its servicing agent EMC Mortgage Corporation ("Movant"),

28   and the Debtor(s), Gregory Luis Weldon and Nicole Ann Weldon ("Debtors"), by and through

29   their respective attorneys of record STIPULATE as follows:
```

1. This Stipulation affects the real property commonly known as: 2226 West Roy Rogers Road, Phoenix, AZ 858085

2. The Debtors have elected to surrender the subject Property as evidenced by Debtors Ch 11 Plan attached hereto as Exhibit "A".

3. The automatic stay is immediately terminated and extinguished for all purposes as to Secured Creditor and Secured Creditor may proceed with foreclosure and hold a trustee's sale of the subject Property, pursuant to applicable state law, and without further Court Order of proceeding being necessary may commence any action necessary to obtain complete possession of the subject Property, including unlawful detainer, if required

4. This stipulation shall be binding and effective in any conversion of this case to another chapter under the Bankruptcy Code.

IT IS SO STIPULATED:

Dated: 6/23/09

Dated: 6/23/09

McCarthy ♦ Holthus ♦ Levine

_____
Matthew Silverman, Esq.
Attorney for Movant

_____
D Lamar Hawkins, Esq.
Attorney for Debtor(s)

Chris Chicone Esq
Attorney for Debtors

_Smrh/Maren Gley_
SARAH S. CURLEY
U.S. Bankruptcy Judge

1    Paul M. Levine (007202)
     Matthew A. Silverman (018919)
2    **McCarthy ◆ Holthus ◆ Levine**
     3636 North Central Avenue
3    Suite 1050
     Phoenix, AZ 85012
4    Telephone: (602) 230-8726

5    Attorney for Movant,
     JP Morgan Chase Bank, National Association as Trustee of Bear Stearns Asset, its assignees
6    and/or successors

7

8                UNITED STATES BANKRUPTCY COURT

9          DISTRICT OF ARIZONA - PHOENIX DIVISION

10    In re:                     )    Case No. 2:08-bk-12336-SSC
                            )
11    Gregory Luis Weldon, Nicole Ann Weldon   )
                            )
12          Debtor(s).            )    Chapter   11
                            )
13                             )
14                             )
15                             )    **ORDER ON STIPULATION**
16                             )    **TERMINATING AUTOMATIC STAY**
17                             )
18                             )
19                             )
20                             )
21                             )
22

23       The parties having agreed to the terms set forth in the Order on Stipulation Terminating

24    Automatic Stay, attached hereto as Exhibit "A", are bound by the terms of their stipulation which

25    shall be the Order of this Court.

26

27       IT IS SO ORDERED:

28    Dated: _____      By: _____

29                                      Honorable Sarah Sharer Curley
                                     United States Bankruptcy Court Judge

File No.09-11680
Proof of Service, Case No. 2:08-bk-12336-SSC
1

Case 2:08-bk-12336-SSC    Doc 280    Filed 07/15/09    Entered 07/16/09 08:11:48    Desc
              Main Document      Page 1 of 3

Case 2:08-bk-12336-PS    Doc 561-1    Filed 08/10/12    Entered 08/13/12 06:58:18    Desc
              - Chapter 11 Plan      Page 55 of 81

Paul M Levine (007202)
Matthew A. Silverman (018919)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Telephone: (602) 230-8726

Attorney for Movant,
JP Morgan Chase Bank, National Association as Trustee of Bear Stearns Asset, its assignees
and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re: | Case No 2:08-bk-12336-SSC |
| Gregory Luis Weldon,<br>Nicole Ann Weldon, | |
| Debtor(s) | Chapter 11 |
| | **STIPULATION TERMINATING<br>AUTOMATIC STAY** |

Movant, JP Morgan Chase Bank, National Association as Trustee of Bear Stearns Asset
Backed Securities I LLC, Bear Stearns ALT-A Trust, Mortgage Pass-through Certificates, its
assignees and/or successors, and its servicing agent EMC Mortgage Corporation ("Movant"),
and the Debtor(s), Gregory Luis Weldon and Nicole Ann Weldon ("Debtors"), by and through
their respective attorneys of record STIPULATE as follows:

1. This Stipulation affects the real property commonly known as: 2226 West Roy Rogers Road, Phoenix, AZ 858085

2. The Debtors have elected to surrender the subject Property as evidenced by Debtors Ch 11 Plan attached hereto as Exhibit "A".

3. The automatic stay is immediately terminated and extinguished for all purposes as to Secured Creditor and Secured Creditor may proceed with foreclosure and hold a trustee's sale of the subject Property, pursuant to applicable state law, and without further Court Order of proceeding being necessary may commence any action necessary to obtain complete possession of the subject Property, including unlawful detainer, if required

4. This stipulation shall be binding and effective in any conversion of this case to another chapter under the Bankruptcy Code.

IT IS SO STIPULATED:

Dated: 6/23/09

Dated: 6/23/09

McCarthy ◆ Holthus ◆ Levine

_____
Matthew Silverman, Esq.
Attorney for Movant

_____
D. Lamar Hawkins, Esq.
Attorney for Debtor(s)

Chris Chicoine Esq
Attorney for Debtors

2
Stipulation Terminating Automatic Stay, Case No. 2:08-bk-12336-SSC

File No. AZ09-11680

Case 2:08-bk-12336-SSC    Doc 280    Filed 07/15/09    Entered 07/16/09 08:11:48    Desc
Main Document    Page 3 of 3

Case 2:08-bk-12336-PS    Doc 561-1    Filed 08/10/12    Entered 08/13/12 06:58:18    Desc
- Chapter 11 Plan    Page 57 of 81

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.



# TIFFANY & BOSCO
### P.A.

**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-68126/0290038507

Dated: January 14, 2009

_Sarah S. Curley_
SARAH S. CURLEY
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:08-bk-12336-SSC |
| Gregory Louis Weldon and Nicole Ann Weldon, Debtors. | Chapter 11 |
| | ORDER |
| MERS as nominee for Central Mortgage Company Movant, | |
| vs. | (Related to Docket #100) |
| Gregory Louis Weldon and Nicole Ann Weldon, Debtors, Office of the US Trustee, Trustee. | |
| Respondents. | |

Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefor,

IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated January 30, 2006 and recorded in the office of the Maricopa County Recorder wherein MERS as nominee for Central Mortgage Company is the current beneficiary and Gregory Louis Weldon and Nicole Ann Weldon have an interest in, further described as:

> Lot 79, GOLDEN KEYS CENTRAL, according to Book 317 of Maps, Page 1, records of Maricopa County, Arizona.

IT IS FURTHER ORDERED that Movant may contact the Debtor(s) by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.

DATED this ____ day of _____, 2009.



_____
JUDGE OF THE U.S. BANKRUPTCY COURT

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.

Dated: May 22, 2009

Kevin Hahn, #024277
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Second Floor
Irvine, California 92612
Phone: (949) 252-9400
Facsimile: (949) 252-1032

*Smch/hanenCley*
SARAH S. CURLEY
U.S. Bankruptcy Judge

Attorneys for Movant
TAYLOR, BEAN & WHITAKER MORTGAGE CORPORATION,
and its successors and/or assignees

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>GREGORY LOUIS WELDON and NICOLE ANN WELDON,<br><br>Debtors,<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORPORATION, and its successors and/or assignees,<br><br>Movant,<br><br>vs.<br><br>GREGORY LOUIS WELDON and NICOLE ANN WELDON, Debtors, and , Trustee,<br><br>Respondents. | Chapter 11<br><br>Case No. 2:08-BK-12336-SSC<br><br>**ORDER LIFTING STAY**<br>**[Re: 2337 WEST STRAIGHT ARROW LANE, PHOENIX, AZ 85085]** |

Movant's Motion for Relief From the Automatic Stay having been properly noticed and no objections thereto having been filed,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the automatic stay as to Movant is terminated with reference to real property generally described as 2337 WEST STRAIGHT ARROW LANE, PHOENIX, AZ 85085 ("Property" herein) and legally described as follows:

*LOT 170, DYNAMITE MOUNTAIN RANCH SECTION A, ACCORDING TO*

*BOOK 549 OF MAPS, PAGE 50, RECORDS OF MARICOPA COUNTY,*

*ARIZONA.*

EXHIBIT M

1    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Order shall survive

2  any subsequent conversion by the Debtors to another Chapter of the Bankruptcy Code.

3  DATED:

4                              _____

5                              UNITED STATES BANKRUPTCY JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.



**Dated: August 11, 2009**

_Sarah S Curley_
SARAH S. CURLEY
U.S. Bankruptcy Judge

1   Paul M. Levine (007202)
2   Matthew A Silverman (018919)
    **McCarthy ◆ Holthus ◆ Levine**
3   3636 North Central Avenue
    Suite 1050
4   Phoenix, AZ 85012
    (602) 230-8726
5

6   Attorneys for Movant,
    Citibank N.A. as Trustee for the Certificateholders of Structured Asset Mortgage Investments II
7   Inc. Bear Stearns ALT-A Trust Mortgage Pass-Through Certificates Series 2006-4, its assignees
    and/or successors
8

9                    UNITED STATES BANKRUPTCY COURT

10                     FOR THE DISTRICT OF ARIZONA

11                          PHOENIX DIVISION

12

13  In re:                                   ) In Proceedings Under
14                                            )
    Gregory Louis Weldon,                     ) Chapter 11
15  Nicole Ann Weldon,                        )
                                              ) Case No. 2:08-bk-12336-SSC
16                                            )
                 Debtors.                     )
17  _____ ) **THIRD AMENDED ORDER**
18  Citibank N.A. as Trustee for the          ) **TERMINATING**
    Certificateholders of Structured Asset    ) **AUTOMATIC STAY**
19  Mortgage Investments II Inc. Bear Stearns  )
    ALT-A Trust Mortgage Pass-Through         )
20  Certificates Series 2006-4, its assignees and/or )
    successors,                               )
21                                            )
                 Movant,                      )
22                                            )
        v.                                    )
23                                            )
    Gregory Louis Weldon, and Nicole Ann      )
24  Weldon, Debtors;                          )
                 Respondents.                 )
25                                            )
26  _____ )

27

28

29

File No. AZ09-3513                  1              Case No. 2:08-bk-12336-SSC
                                                   Order Terminating Automatic Stay

EXHIBIT

Citibank N.A. as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust Mortgage Pass-Through Certificates Series 2006-4, its assignees and/or successors ("Movant"), having filed a Motion for Relief from the Automatic Stay with respect to the hereinafter-described property after appropriate notice and opportunity for a hearing, no party in interest having objected to such relief, the Respondents having failed to plead or otherwise defend, and good cause appearing,

**IT IS THEREFORE ORDERED** that:

Any and all stays against lien enforcement, including the automatic stay of 11 U.S.C. § 362(a) and the automatic injunction of 11 U.S.C. § 524(a), are hereby vacated with respect to the property generally described as 28033 North Via Dona Road, Phoenix, AZ 85085, and Movant, its assignees and/or successors in interest, may proceed with a foreclosure of and hold a Trustee's sale of the subject property pursuant to the state law, and thereafter commence any action necessary to obtain complete possession of the subject property without further court order or proceeding being necessary.

**IT IS FURTHER ORDERED** that:

The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtors via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

DATED:

_____
UNITED STATES BANKRUPTCY JUDGE

_Sarah/Mauchley_
**SARAH S. CURLEY**
**U.S. Bankruptcy Judge**

1  Kevin Hahn, #024277
   MALCOLM ♦ CISNEROS, A Law Corporation
2  2112 Business Center Drive
   Second Floor
3  Irvine, California 92612
   Phone: (949) 252-9400
4  Facsimile: (949) 252-1032

5  Attorneys for Movant
   TAYLOR, BEAN & WHITAKER MORTGAGE CORPORATION,
6  and its successors and/or assignees

7              **UNITED STATES BANKRUPTCY COURT**

8            **DISTRICT OF ARIZONA, PHOENIX DIVISION**

9

10  In re:                              Chapter 11

11  GREGORY   LOUIS   WELDON   AND
    NICOLE ANN WELDON,                  Case No. 2:08-bk-12336-SSC
12

13              Debtors,               **ORDER LIFTING STAY**
                                       **[Re: 28033 N. Via Dona Rd., Phoenix, AZ**
14  TAYLOR, BEAN & WHITAKER            **85085]**
    MORTGAGE CORPORATION, and its
15  successors and/or assignees,

16
                Movant,
17  vs.

18  GREGORY LOUIS WELDON AND
    NICOLE ANN WELDON, Debtors, and the
19  U.S. Trustee,

20
                Respondents.
21

22       Movant's Motion for Relief From the Automatic Stay having been properly noticed and no

23  objections thereto having been filed,

24       IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the automatic stay as to

25  Movant is terminated with reference to real property generally described as 28033 N. Via Dona Rd.,

26  Phoenix, AZ 85085 ("Property" herein) and legally described as follows:

27       See Exhibit "A"

28  ///

EXHIBIT *O*

1         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Order shall survive

2    any subsequent conversion by the Debtors to another Chapter of the Bankruptcy Code.

3    DATED:

4    _____

5    UNITED STATES BANKRUPTCY JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit "A"

**Exhibit A**

**Escrow Number: 68-68-00662**
Lot 535, DYNAMITE MOUNTAIN RANCH SECTION A2, according to Book 645 of
Maps, Page 49, records of Maricopa County, Arizona.

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.



Dated: October 14, 2009

_Sarah Sharer Curley_
**SARAH S. CURLEY**
U.S. Bankruptcy Judge

1   T I F F A N Y  &  B O S C O
                    P.A.
2   **2525 EAST CAMELBACK ROAD**
3   **SUITE 300**
    **PHOENIX, ARIZONA 85016**
4   **TELEPHONE: (602) 255-6000**
5   **FACSIMILE: (602) 255-0192**

6   Mark S. Bosco
    State Bar No. 010167
7   Leonard J. McDonald
    State Bar No. 014228
8   Attorneys for Movant

9   09-11901

10              IN THE UNITED STATES BANKRUPTCY COURT
11                  FOR THE DISTRICT OF ARIZONA
12

13  IN RE:                                    No. 2:08-bk-12336-SSC

14  Gregory Louis Weldon and Nicole Ann Weldon      Chapter 11
            Debtors.
15  _____              ORDER

16  Bank of America National Association as Successor
    by Merger to LaSalle Bank National Association, as   (Related to Docket #294)
17  Trustee for Morgan Stanley Mortgage Loan Trusts
    2006-6AR
18              Movant,
19      vs.
20  Gregory Louis Weldon and Nicole Ann Weldon,
    Debtors, Office of the US Trustee, Trustee.
21
22              Respondents.

23

24      Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed

25  Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any,

26  and no objection having been received, and good cause appearing therefor,

        IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed



by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated January 30, 2006 and recorded in the office of the Maricopa County Recorder wherein Bank of America National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trusts 2006-6AR is the current beneficiary and Gregory Louis Weldon and Nicole Ann Weldon have an interest in, further described as:

> Lot 49, DYNAMITE MOUNTAIN RANCH SECTION A, according to Book 549 of Maps, page 50, records of Maricopa County, Arizona.

IT IS FURTHER ORDERED that Movant may contact the Debtors by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtors may convert.

DATED this ____day of _____, 2009.

_____
JUDGE OF THE U.S. BANKRUPTCY COURT

1  Paul M. Levine (007202)
   Matthew A. Silverman (018919)
2  **McCarthy ◆ Holthus ◆ Levine**
   3636 North Central Avenue
3  Suite 1050
   Phoenix, AZ 85012
4  Telephone: (602) 230-8726

5  Attorney for Movant,
   EMC Mortgage Corporation, its assignees and/or successors
6

7

8                   UNITED STATES BANKRUPTCY COURT

9                        DISTRICT OF ARIZONA

10                        PHOENIX DIVISION

11

12  In re:                                )   Case No. 2:08-bk-12336-SSC
                                           )
13  Gregory Loius Weldon,                  )
    Nicole Ann Weldon,                     )
14                                         )
                                           )   Chapter  11
15        Debtor(s)                        )
                                           )
16  EMC Mortgage Corporation, its successors )
    and/or assigns,                        )   **STIPULATION TERMINATING**
17                                         )   **AUTOMATIC STAY**
                                           )
18        Movant,                          )
                                           )
19  vs                                     )
                                           )
20  Gregory Loius Weldon,                  )
21  Nicole Ann Weldon, Debtor;             )
                                           )
22        Respondents.                     )
                                           )
23                                         )
                                           )
24 _____)

25        Movant, EMC Mortgage Corporation, its assignees and/or successors, and its servicing

26  agent EMC Mortgage Corporation ("Movant"), and the Debtor(s), Gregory Loius Weldon and

27  Nicole Ann Weldon ("Debtors"), by and through their respective attorneys of record

28  STIPULATE as follows:

29

                                  1
             Stipulation Terminating Automatic Stay. Case No  2:08-bk-12336-SSC

                                       File No  AZ09-10918

1      1.   This Stipulation affects the real property commonly known as:  2339 West Running Deer
2    Trail, Phoenix AZ  85085
3      2.   The Debtors have elected to surrender the subject Property as evidenced by Debtors
4    Chapter 11 Plan attached hereto as Exhibit "A"
5
6      IT IS SO STIPULATED:
7
8                                              McCarthy  ◆  Holthus ◆ Levine
9
10   Dated: 6/23/09
11                                              Matthew Silverman, Esq
                                                Attorney for Movant
12
13   Dated: 6/23/09
14                                              D. Lamar Hawkins, Esq          Chris Chiccup Esq
                                                Attorney for Debtor(s)        Attorney for
15                                                                            Debtors
16
17
18
19
20
21
22
23
24
25
26
27
28
29

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.

Dated: July 31, 2009

*Sarah Sharer Curley*
SARAH S. CURLEY
U.S. Bankruptcy Judge

Paul M. Levine (007202)
Matthew A. Silverman (018919)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Telephone: (602) 230-8726

Attorney for Movant,
EMC Mortgage Corporation, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA - PHOENIX DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 2:08-bk-12336-SSC |
| | ) | |
| Gregory Loius Weldon, Nicole Ann Weldon | ) | |
| | ) | Chapter 11 |
| Debtor(s). | ) | |
| | ) | |
| EMC Mortgage Corporation, its successors and/or assigns, | ) | |
| | ) | |
| Movant, | ) | **ORDER ON STIPULATION** |
| | ) | **TERMINATING AUTOMATIC STAY** |
| vs. | ) | |
| | ) | |
| Gregory Loius Weldon, | ) | |
| Nicole Ann Weldon, Debtor; | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

The parties having agreed to the terms set forth in the Stipulation Terminating Automatic

Stay, attached hereto as Exhibit "A", are bound by the terms of their stipulation which shall be

the Order of this Court.

IT IS SO ORDERED:

Dated: _____     By: _____
                                  Honorable Sarah Sharer Curley
                                  United States Bankruptcy Court Judge

File No. AZ09-10918
Proof of Service, Case No. 2:08-bk-12336-SSC

1

Paul M. Levine (007202)
Matthew A. Silverman (018919)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Telephone: (602) 230-8726

Attorney for Movant,
EMC Mortgage Corporation, its assignees and/or successors

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF ARIZONA

### PHOENIX DIVISION

| | |
|---|---|
| In re: | Case No. 2:08-bk-12336-SSC |
| Gregory Loius Weldon, | |
| Nicole Ann Weldon, | |
| | Chapter 11 |
| Debtor(s) | |
| EMC Mortgage Corporation, its successors and/or assigns, | **STIPULATION TERMINATING AUTOMATIC STAY** |
| Movant, | |
| vs | |
| Gregory Loius Weldon, | |
| Nicole Ann Weldon, Debtor; | |
| Respondents. | |

Movant, EMC Mortgage Corporation, its assignees and/or successors, and its servicing agent EMC Mortgage Corporation ("Movant"), and the Debtor(s), Gregory Loius Weldon and Nicole Ann Weldon ("Debtors"), by and through their respective attorneys of record STIPULATE as follows:

File No  AZ09-10918

1.   This Stipulation affects the real property commonly known as:  2339 West Running Deer

Trail, Phoenix AZ  85085

2   The Debtors have elected to surrender the subject Property as evidenced by Debtors

Chapter 11 Plan attached hereto as Exhibit "A"

IT IS SO STIPULATED:

Dated: 6/23/09

Dated: 6/23/09

**McCarthy ♦ Holthus ♦ Levine**

Matthew Silverman, Esq
Attorney for Movant

D  Lamar Hawkins, Esq
Attorney for Debtor(s)

Chris Chiccua Esq
Attorney for
Debtors

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.

Dated: January 22, 2009

_Sarah/Mare Culey_
SARAH S. CURLEY
U.S. Bankruptcy Judge

1 **TIFFANY & BOSCO**
P.A.
**2525 EAST CAMELBACK ROAD**
2 **SUITE 300**
3 **PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
4 **FACSIMILE: (602) 255-0192**

5
Mark S. Bosco
6 State Bar No. 010167
Leonard J. McDonald
7 State Bar No. 014228
Attorneys for Movant
8
08-61169/0004281163
9

10        **IN THE UNITED STATES BANKRUPTCY COURT**

11          **FOR THE DISTRICT OF ARIZONA**

12 IN RE:                          No. 2:08-bk-12336-ssc

13
Gregory Louis Weldon and Nicole Ann Weldon
14           Debtors.               Chapter 11

15 ─────────────────────────           ORDER
National City Mortgage/Fidelity
16            Movant,
     vs.                     (Related to Docket #95)
17
Gregory Louis Weldon and Nicole Ann Weldon,
18 Debtors, Office of the US Trustee, Trustee.
19
        Respondents.
20

21

22      Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed
23 Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any,
24 and no objection having been received, and good cause appearing therefor,
25      IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed
26

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated August 18, 2005 and recorded in the office of the Pinal County Recorder wherein National City Mortgage/Fidelity is the current beneficiary and Gregory Louis Weldon and Nicole Ann Weldon have an interest in, further described as:

> THE NORTH HALF OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 9, TOWNSHIP 5 NORTH, RANGE 4 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA.

IT IS FURTHER ORDERED that Movant may contact the Debtor(s) by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.

DATED this ____ day of _____, 2009.



_____
JUDGE OF THE U.S. BANKRUPTCY COURT

1   **CHARLES L. FIRESTEIN, P.C.**
    Charles L. Firestein, #002986
2   1300 E Missouri Ave Ste D-200
    Phoenix, Arizona 85014
3   [602] 235-9000
    Fax (602) 235-9040
4

5   Attorney for AMERICAN HONDA FINANCE CORPORATION

6            **IN THE UNITED STATES BANKRUPTCY COURT**
               **FOR THE DISTRICT OF ARIZONA**
7

8   **IN RE:**
                           **CHAPTER 11 PROCEEDINGS**
9   **GREGORY LOUIS WELDON and**
    **NICOLE ANN WELDON,**
10

11       **Debtors,**                **CASE NO: 2:08-bk-12336-SSC**

12   **AMERICAN HONDA FINANCE**
    **CORPORATION, its assignees and/or**
    **successors in interest,**
13                            **STIPULATION FOR RELIEF**
            **Movant,**            **FROM THE AUTOMATIC STAY**
14   **vs.**

15   **GREGORY LOUIS WELDON and**
    **NICOLE ANN WELDON, DEBTORS,**
16
        **Respondents.**
17

18

19        Comes now, Secured Creditor AMERICAN HONDA FINANCE CORPORATION

20   ("Honda") and the Debtors, GREGORY LOUIS WELDON and NICOLE ANN WELDON,

21   the Debtors, as undersigned, who hereby agree and stipulate that the Automatic Stay,

22   with respect to the Debtors' 2004 HONDA PILOT, Vehicle ID# 2HKYF18574H613720, in

23   which HONDA is the lienholder of record, be modified and in support thereof states as

24   follows:

25        1.      On September 16, 2008, Debtors filed a Petition under Chapter 11 of the

26   Bankruptcy Code.

27        2.      On or about December 24, 2004, said, Debtors made, executed and

28   delivered a Motor Vehicle Retail Installment Sales Contract and Purchase Money

Security Agreement for the purchase of a 2004 HONDA PILOT , vehicle ID#
2HKYF18574H613720 (see Exhibit "A" attached hereto).

3.    Said Agreement was assigned to Movant which thereupon filed and
perfected its lien on the collateral described herein by noting said lien of the Certificate
of Title (see Exhibit "B" attached hereto). Also, the Debtors will be surrendering the
vehicle.

4.    The value of the property is approximately equal to what is owed. The
balance owing is $9,717.74. Thus, after taking into account the cost of retaking,
reconditioning, selling, attorney fees, etc., there is little or no equity in the vehicle for the
Debtors or the , Debtors' Estate.

5.In exchange for the surrender of the subject vehicle to Movant on or before
June 26, 2009, Movant agrees to vote in favor of the Debtors' Plan of Reorganization so
long as it incorporates the terms of this Stipulation.

The parties in light of the above hereby AGREE AND STIPULATE that the
Automatic Stay therefore be lifted with respect to the Estate and to the Debtors' interest
in the property as described above.

The parties also agree and stipulate to allow HONDA to immediately secure
and/or sell its collateral/property without having to wait ten days from the date of this
Order as otherwise required under Rule 7062.

**RESPECTFULLY SUBMITTED** this June 22, 2009.

CHARLES L. FIRESTEIN                    D. LAMAR HAWKINS
Attorney for Movant                     Attorney for Debtors
           06|23|09

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.

Dated: July 16, 2009



1   **CHARLES L. FIRESTEIN, P.C.**
    Charles L. Firestein, #002986
2   1300 E Missouri Ave Ste D-200
    Phoenix, Arizona 85014
3   [602] 235-9000
    Fax (602) 235-9040
4   charles@firesteinpc.com

_Smrh/hanehley_
SARAH S. CURLEY
U.S. Bankruptcy Judge

5   Attorney for Movant AMERICAN HONDA FINANCE CORPORATION

6               IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF ARIZONA

7   **IN RE:**                              **CHAPTER 11 PROCEEDINGS**

8   **GREGORY LOUIS WELDON and**
    **NICOLE ANN WELDON,**
9
                                            **CASE NO: 2:08-bk-12336-SSC**
        **Debtors,**
10
    **AMERICAN HONDA FINANCE**
11  **CORPORATION, its assignees and/or**
    **successors in interest,**             **ORDER FOR RELIEF FROM THE**
12                                          **AUTOMATIC STAY**
            **Movant,**
13  **vs.**

14  **GREGORY LOUIS WELDON and**
    **NICOLE ANN WELDON, DEBTORS,**
15
        **Respondents.**
16
17          This matter coming before this Court pursuant to the Stipulation of the parties

18  and the Court after reviewing said Stipulation and finding that relief should issue hereby

19  Orders as follows:

20          IT IS hereby ORDERED, ADJUDGED AND DECREED that the Automatic Stay

21  provided by 11 U.S.C. §362 and any injunction arising under 11 U.S.C. §524 are lifted

22  and vacated with respect to both the Estate's and the Debtors' interest in the property

23  described as a 2004 HONDA PILOT, VIN: 2HKYF18574H613720.

24          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that American Honda

25  Finance Corporation can immediately take possession and/or sell the property as

26  described above without having to wait ten days as otherwise required under Rule 7062

27  and/or Rule 4001.

28                      **SIGNED AND DATED ABOVE**

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.

Dated: November 29, 2010



_Sarah/Maren Wley_
SARAH S. CURLEY
U.S. Bankruptcy Judge

1
2
3
4
5
6
7
8
9
10
11
12

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

13
14 In re: Gregory Louis Weldon and
15 Nicole Ann Weldon,
16
17          Debtors.
   USAA Federal Savings Bank
18
19          Movant,
20 v.
21 Gregory Louis Weldon and
22 Nicole Ann Weldon,
23
24          Respondents.
25

Chapter 11

Case No.: 08-12336

**ORDER GRANTING RELIEF FROM
THE AUTOMATIC STAY**

26 <u>ORDER GRANTING RELIEF FROM STAY AS TO DEBTOR AND PROPERTY KNOWN AS A</u>
27 <u>2002 BMW 7-Series, V.I.N. No.</u> WBAGN63432DR04287
28
29
30

ORDER GRANTING RELIEF FROM STAY-
Page 1

Weinstein & Riley, P.S.
2001 Western Avenue Suite 400
Seattle, Washington 98121
Telephone: (206) 269-3490
Facsimile: (206) 269-3493

EXHIBIT

1
2          **CAME** the parties on this day upon Amended Motion for Relief From the Automatic Stay
3    Provisions of the Bankruptcy Code filed on behalf of USAA Federal Savings Bank, and the Court finding
4    that cause exists for modification of the automatic stay of 11 U.S.C. § 362, including the failure to make
5    payments pursuant to the Note referenced in the Motion filed herein, and lack of adequate protection, it is:
6          **ADJUDGED AND ORDERED** that USAA Federal Savings Bank is hereby granted
7    relief from the automatic stay imposed by 11 U.S.C § 362(d), and that the ten day stay provided
8    for in Fed. R. Bankr. P. 4001(a)(3) be waived.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

ORDER GRANTING RELIEF FROM STAY-
Page 2

Weinstein & Riley, P.S.
2001 Western Avenue Suite 400
Seattle, Washington 98121
Telephone: (206) 269-3490
Facsimile: (206) 269-3493